FERGUSON & WHEELER LAND, LUMBER & HANDLE COMPANY
v. GOOD.

Opinion delivered March 30, 1914.

1. CORPORATIONS—ASSUMPTION OF DEBTS AND LIABILITIES OF ANOTHER.— Where one corporation is merely a reorganization or continuation of another corporation, the former is liable in damages, for an injury done to a servant of the latter, due to negligence. (Page 263.)

2. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—ELEMENTS OF DAMAGE.—In an action by a servant against his employer for damages due to negligence, it is proper for the court to charge the jury that they may, in estimating the damage, take into consideration the age and condition of plaintiff, and any diminution of his earning power. (Page 265.)

3. MASTER AND SERVANT—INJURY TO SERVANT—ELEMENTS OF DAMAGE.— The humiliation and mental anguish that must necessarily be experienced by personal disfigurement resulting from the loss of an eye, is a proper element of damage to be considered by the jury, in an action for damages for personal injuries caused by negligence. (Page 265.)

4.  MASTER AND SERVANT—INJURY TO SERVANT—DAMAGES— DIMINUTION
    OF EARNING POWER.—In an action for damages for personal injuries
    caused by negligence of the defendant, evidence that plaintiff's eye
    was put out, and that he suffered great pain and inconvenience, is
    sufficient to warrant a submission to the jury of the question of
    any diminution in plaintiff's earning power.   (Page 266.)

5.  TRIAL—ARGUMENT OF COUNSEL—PREJUDICE.—Argument of counsel
    for plaintiff, explaining why a certain witness was not called is not
    prejudicial when made in answer to argument of defendant's
    counsel making charges as to why the said witness had not been
    called.   (Page 267.)

6.  TRIAL—ARGUMENT OF COUNSEL—PREJUDICE—HOW REMOVED.—The
    prejudicial effect of improper argument of counsel, is removed by
    an admonition from the court to the jury to "wholly disregard it
    for any and all purposes and give it no weight whatever in arriv-
    ing at their verdict."   (Page 268.)

7.  DAMAGES—LOSS OF EYE—AMOUNT.—A verdict of $3,500 damages for
    loss of plaintiff's eye, caused by defendant's negligence, held proper
    under the evidence.   (Page 268.)

8.  DAMAGES—PERSONAL INJURIES—MEASURE OF.—In an action for dam-
    ages for personal injuries, damages that may be reasonably antici-
    pated and such as are the natural consequence of the injury re-
    ceived are proper for the jury to assess.   (Page 269.)

Appeal from Clay Circuit Court, Western District;
*W. J. Driver,* Judge; affirmed.

*Basil Baker* and *Horace Sloan,* for appellant.

1.   Testimony as to the possibilities of injury to the
other eye occasioned by an inflammation of the injured
eye, was improperly admitted, because such evidence was
merely speculative.   76 N. W. 88; 96 N. Y. 305; 115 N.
Y. 61, 21 N. E. 726, 12 Am. St. Rep. 775; 200 N. Y. 393,
94 N. E. 184.

2.   The court's instruction No. 4 was erroneous be-
cause it was not specific, and because no test or rule is
laid down for the guidance of the jury as to what con-
stitutes one corporation as a mere reorganization or con-
tinuation of another.   The mere fact that the formation
of a new corporation may involve the reorganization of
an old corporation does not in itself mean that the new
corporation assumes and becomes responsible for the lia-
bilities of the old corporation.   That may or may not be

true, according to the circumstances. 153 S. W. 1107-1109. The intention of the incorporators is the controlling factor. 21 N. J. L. 317-324; 5 Thompson on Corporations, § 5983.

3. The court's fifth instruction is erroneous because the undisputed evidence shows that appellant did not expressly assume either the debts or the tort liabilities of the old corporation.

The instruction submitting the question of implied liability is improper, because under the evidence there is no implied liability. 154 N. Y. 667, 49 N. E. 151.

4. The ninth instruction is erroneous, because (1) loss of time was not pleaded or proven. 79 Mo. App. 257-259. (2) It is abstract with reference to diminution of earning power. 58 Ark. 198-205; 69 Ark. 380; 101 Ark. 548-553; 97 Ark. 560-563; 26 Ark. 513-517; 22 So. 135, 115 Ala. 389. (3) It errs in permitting the jury to consider the age of the plaintiff and whether or not he was single or married, in determining what amount should be allowed for disfigurement of person. His age has no bearing on the question of disfigurement, nor does his condition in life as to being married or single affect that question.

*G. B. Oliver,* for appellee.

1. There was no error in permitting the doctors, Black and McKinney, to answer a hypothetical question as to the likelihood of danger to plaintiff's uninjured eye. 17 Cyc. 252 (2); 94 N. E. 184; 13 N. Y. Supp. 305; 69 Pac. 600; 15 S. W. 469; 55 Fed. 949-953.

2. Appellee sought to hold appellant liable for the act of the Western Handle Company because (1) it was a reorganization or continuation of the old company; (2) there was an express promise to pay the liabilities of the old company, and (3) an implied promise to pay such liabilities. The court's instructions 4, 5 and 6 submit these theories to the jury, and are right. 153 S. W. (Ark.) 1107-1110.

3. Instruction 9 is correct. Evidence was admitted without objection as to how much time appellee

lost and what he was getting per day. The complaint will be treated as amended in this respect.

As to his age and condition as to being married or single, it is proper, "in estimating the damages to consider the age and condition in life of the party injured." 13 Cyc. 142-b; 18 Fed. Cas. No. 10572; 3 Sawy. 397; 46 N. W. 115, 20 Am. St. Rep. 106-114, note; 104 Ark. 528-537.

WOOD, J. This is a suit by appellee against the Western Handle Company and against appellant. The complaint alleged that the Western Handle Company was engaged in the manufacture of handles; that appellee was employed to wait upon Phillips, who was also employed by the Western Handle Company as grinder, that it was the duty of appellee to wait upon Phillips by filling his rack with unground handles and moving the same after they were ground. He alleged that Phillips carelessly permitted a handle to slip from the clutch and carelessly permitted the nut or other object to strike the revolving sanded belt, causing the sand to be knocked from the belt, and that the sand entered plaintiff's eye while he was engaged in his work; that through this negligence appellee became totally blind in said eye and has suffered intense pain, and still suffered intense pain in the injured eye, and that by reason of the condition of this eye the sight of the other eye was endangered, to his damage in the sum of $5,000. The appellee set up that the appellant was the successor to the Western Handle Company and had assumed to pay all its debts and liabilities, including the liability to the appellee; that the appellant was but a reorganization and continuation of the Western Handle Company, the latter company having been dissolved, and that appellant was liable to the appellee in the amount of the damages claimed.

The appellant admitted that it was the successor to all the business of the Western Handle Company, but denied all the material allegations of the complaint as to the injury of the appellee, and denied any assumption on its part of the debts of the Western Handle Company,

including the alleged damages to appellee, and denied that there was any agreement upon its part to pay any of the debts or liabilities of the Western Handle Company. It set up that the appellant was a new and distinct corporation from the Western Handle Company, not composed of the same stockholders, nor organized with the same powers, nor for the same purposes, and therefore was not liable to the appellee for his alleged claim. The appellant also set up the defenses of assumed risk and contributory negligence.

On a former appeal of this case to this court (see 153 S. W. 1107, 107 Ark. 118), in an opinion rendered February 17, 1913, we held that there was testimony to warrant a finding "that it was intended for the new corporation (appellant) to take the property of the old (Western Handle Company) and discharge all of the latter's obligations. The jury could have inferred as much from the testimony, and the court erred in taking that question from the jury."

On the former appeal we also held that "there was enough evidence to go to the jury on the question of the negligence of Phillips in permitting the bolt or tap to come in contact with the belt and that this caused the sand to fly from the belt in sufficient quantities to injure plaintiff's eye."

The court submitted the issue as to whether appellant was a continuation and reorganization of the Western Handle Company as follows: "If you find from a preponderance of the evidence that the defendant Ferguson & Wheeler Land, Lumber & Handle Company is only a reorganization or continuation of the Western Handle Company, then you are instructed that the Ferguson & Wheeler Land, Lumber & Handle Company, is liable in this case if the Western Handle Company is liable."

Under the doctrine announced in our former opinion, this instruction was free from prejudicial error and the verdict of the jury is conclusive of that issue.

The court also instructed the jury, in effect, that if they found that the appellant assumed to pay the debts

and liabilities of the Western Handle Company that appellant would be liable if the Western Handle Company was liable. The appellant here does not challenge the sufficiency of the evidence to sustain the verdict as to the liability of the Western Handle Company, and no exceptions were saved to the giving of the instruction.

The court also submitted to the jury the question as to whether or not the appellant had expressly agreed to pay the debts of the Western Handle Company, and also as to whether or not appellant, in its organization, had assumed the liability of such company to the appellee. The testimony on this issue is the same as it was on the former appeal and these issues were properly submitted to the jury to determine, and are concluded by the verdict, under the law as declared by the decision on the former appeal which is the law of the case.

Appellant next contends that the court erred in granting appellee's prayer for instruction No. 9, which, in substance, told the jury that if they found for the appellee they should assess his damages at such sum as would reasonably compensate him for the loss of time, for pain and suffering that he had endured and would likely endure, for any diminution in its earning power and for the disfigurement of his person, and told the jury that in determining the amount to allow on account of the disfigurement of his person they should take into consideration his age, the extent of the disfigurement and whether or not he was married or single.

The specific objections to the instruction were "the age of plaintiff is not an element of damages, whether or not he is married or single is not an element of damage, and the evidence does not disclose any diminution of his earning power."

Considering here only such objections as were made at the trial, the court did not err in telling the jury that in considering appellee's damages they might take into consideration his age, and any diminution in earning power. The rule is correctly stated in 13 Cyc. 142, that "in estimating the damages the jury should take into

consideration the age and condition in life of the party injured.''

''It is to be assumed,''\ says Mr. Sutherland, ''that every endowment, function and capacity is of importance in the life of every man and woman and that occasion will arise for the exercise of each and all of them. And to the extent to which any function is destroyed or its discharge rendered painful or perilous by the wrongful infliction of personal injury, is the party complaining entitled to damages.'' 4 Sutherland on Damages, 3594, § 1241.

The humiliation and mental anguish that must necessarily be experienced by personal disfigurement resulting from the loss of an eye is a proper element for the consideration of the jury. See the Oriflamme, 18 Fed. Cas. No. 10572, 3 Sawy. 397; *Heddles* v. *Chicago, etc., Ry. Co.,* 46 N. W. 115 (Wis.), s. c. 20 Am. St. Rep. 106. In the last case the court said: ''The mortification and anguish of mind which he has suffered and will continue to suffer by reason of the mutilation of his body and the fact that he may become an object of curiosity and ridicule among his fellows,'' are proper elements to consider.

The law aims to afford full redress for personal injuries, and certainly it would not afford redress unless all the elements that were calculated to produce anguish in cases of personal disfigurement were taken into consideration.

Appellee testified in part as follows: ''My eye is out now; I never had any trouble before with my eyes; it hurts me whenever I take cold; it gets sore, or in hot weather, dry and dusty, my eye becomes inflamed pretty often, not in the winter but in the summer time. It hurts worse when it is hot and dry and dusty.'' This testimony was sufficient to warrant the court in submitting the question as to whether or not there had been ''any diminution in appellee's earning power,'' and, if so, to consider same as an element of his damages. Conceding without deciding, that it was improper to tell the jury that in assessing the damages for personal disfig-

urement they should consider whether appellee was married or single, this instruction, in this particular, was not calculated under the circumstances to mislead and prejudice the jury, and did not result in causing a verdict for a greater sum than otherwise would have been returned.

Mr. Baker, attorney for defendant, stated to the jury that plaintiffs had called experts to testify to the nature of the injury received by plaintiff, but had failed to call Doctor Simpson, the physician who treated him at the time he was injured; that Doctor Simpson had testified before in the case and that plaintiff had failed to call him because he was afraid to do so for the reason that if he had called him he knew that his testimony would be against him (the plaintiff). In replying to this argument of Mr. Baker, Mr. Oliver, the attorney for plaintiff, stated to the jury that it was true that Doctor Simpson had testified at the former trial and that his testimony was reduced to writing and was in the bill of exceptions from which the testimony of George B. Wheeler was read; that Mr. Baker well knew what Doctor Simpson had testified to and could have called him himself; that plaintiff did not call him because he did not believe that his testimony would in any way aid the jury in determining the extent of the injury.''

This argument on the part of the attorney for the appellee was elicited by what was said by the attorney for the appellant. It was not improper, but, if so, it certainly was not prejudicial.

The record recites that ''G. B. Oliver, attorney for the plaintiff, in the course of his argument, in reply to a statement made by Mr. Basil Baker, attorney for the defendant, to the effect that this case was one of extreme importance alike to both sides, for the reason that it had been in the court for nearly five years, had been tried three times before and had been twice appealed to the Supreme Court and would require their most careful consideration,'' said: ''I thought that my friend, Mr. Baker, was rather boasting of the fact that this case had

been in court for nearly five years. It is true that it has been in the court for nearly five years, has been tried three times before and had been appealed twice to the Supreme Court, but that was caused by the attorney for the defendant, who has by motions, quibblings and appeals prevented the plaintiff during all that time from securing justice."

This argument was improper, but the court instructed the jury to "wholly disregard it for any and all purposes and give it no weight whatever in arriving at their verdict."

The admonition of the court was sufficient to remove any prejudicial effect that might otherwise have resulted from the improper argument. Moreover, as already stated, the appellant does not question the sufficiency of the evidence to sustain the verdict as to the negligence of the Western Handle Company and its liability. The only effect of the improper argument, but for the admonition of the court not to consider it, would have been to increase the amount of the damages. But we are of the opinion that a verdict for $3,500 for the loss of an eye and the resultant physical pain and mental anguish, as shown by the testimony in this record, is not excessive, and the same should not be reduced, even though the court improperly instucted the jury as to the diminution of his earning power, in the absence of evidence thereof, and although there might have been improper remarks of counsel for appellee in the argument.

The appellant contends that the court erred in permitting physicians to answer hypothetical questions based upon the testimony in the record concerning the injured eye, as to what would likely be the effect of such injury upon the other eye. The record shows that "these questions were objected to by the appellant as being speculative." The hypothetical questions were predicated upon the facts disclosed by the testimony.

In the case of *Cross* v. *City of Syracuse,* 94 N. E. 184, it was held that "to entitle the plaintiff to recover present damages for apprehended future consequences

there must be such a degree of probability of the occurrence as amounts to a reasonable certainty that they will result from the original injury." The hypothetical questions propounded to the experts, as shown by this record, and the answers thereto, discover only damages that in all probability or with reasonable certainty would result in the future by reason of the injury inflicted. Damages that may be reasonably anticipated and such as are the natural consequence of the injury received are proper for the jury to assess. But, aside from this, appellee had received an injury which had caused him up to the time of the last trial a great deal of physical pain, and on account of his personal disfigurement had been and would be a source of great mental anguish, and the jury could have found that the loss of his eye might necessarily lessen his earning power. The injury was permanent. It had been over five years from the time of the injury until the verdict was rendered at the last trial. The appellee was entitled to interest at the rate of 6 per cent per annum on the amount of the damages from the date of the injury to the date of the verdict, and therefore, when all the circumstances are taken into consideration, the verdict was clearly not excessive. See *St. Louis, I. M. & S. Ry. Co.* v. *Cleere*, 76 Ark. 377.

The judgment is therefore correct, and it is affirmed.

Smith, J., not participating.