## MEEKS *v*. ARKANSAS LIGHT & POWER COMPANY.

### Opinion delivered January 31, 1921.

1. CORPORATIONS—REORGANIZATION—LIABILITY.—Where one corporation is merely a reorganization or continuation of another corporation, the former is liable on the contracts of the latter .

2. CORPORATIONS—REORGANIZATION—LIABILITY.—Where a new corporation has expressly or by reasonable implication assumed the debts of an old corporation, an action may be maintained against it for those debts.

3. CORPORATIONS—LIABILITY OF STOCKHOLDERS.—A complaint will not lie against stockholders of a defunct corporation on its contract, without alleging either that defendants had expressly assumed the debts of the company or that any of its assets had gone into their hands.

4. PLEADING—MOTION TO DISMISS AS EQUIVALENT TO DEMURRER.—A motion to dismiss a complaint as not stating a cause of action is tantamount to a general demurrer.

5. TRIAL — MOTION TO DISMISS — EFFECT.—Where a complaint in equity states a good cause of action at law, a motion to dismiss should be treated as a motion to transfer to law.

Appeal from Columbia Chancery Court; *J. M. Barker,* Chancellor; reversed.

*Joiner & Harris,* for appellant.

1. The court erred in dismissing the complaint. The complaint stated an equitable cause of action. The Arkansas Power Company, with whom appellant made the contract which was breached, had gone out of existence, and appellant was seeking to follow the assets into the hands of the stockholders and the hands of the new corporation, its successor, which assumed the debts and liabilities of the old corporation. The debts existing at

the time of its dissolution are not extinguished thereby and in equity may be collected out of the assets of the defunct corporation in the hands of the shareholders or any person receiving same except an innocent purchaser without notice. 186 S. W. 627; 127 Ark. 590; 105 *Id.* 421; Kirby's Digest, § 958.

2. The case should have been transferred to the law court, as the complaint stated a legal cause of action. Kirby's Digest, § 5991. Failure to proceed in the proper court is no ground of dismissal, but the cause should have been transferred to the proper court. 81 Ark. 51; 71 *Id.* 484; 87 *Id.* 211; 107 *Id.* 185; Kirby's Digest, § 5991; 19 R. C. L. 5991; 107 Ark. 71; 223 S. W. 35.

*McKay & Smith* and *Hamilton Moses,* for appellees.

1. Plaintiff should have brought suit against the Arkansas Light & Power Company in a court of law and not in a court of equity. Where one corporation takes over the holdings of another corporation, it may, under certain circumstances, become liable for the debts of the first corporation. Whether or not the circumstances are such as to make it liable for such debts is a question for a jury in a law court. 107 Ark. 119; 112 *Id.* 260.

2. The demurrer should have been sustained, as the complaint does not state a cause of action against Gus Kohn and Harvey Couch. It fails to show that either of them contracted to assume any of the debts of the Arkansas Power Company under its dissolution and fails to state any facts whatever to constitute a cause of action against these defendants. The complaint should have been dismissed as to Kohn and Couch, and the complaint against the Arkansas Light & Power Company should have been brought at law in the circuit court. 107 Ark. 119; 112 *Id.* 260.

3. If no motion is made to transfer, it is the duty of the court to dismiss for want of jurisdiction. 27 Ark. 591; 28 *Id.* 458; 35 *Id.* 583; 37 *Id.* 164; 88 *Id.* 1; 107 *Id.* 185.

4. Defendant was entitled to judgment on the facts. 85 Ark. 101. Equity cases are tried on appeal *de novo*. 23 Ark. 341; 96 *Id.* 434; 111 *Id.* 263. If the court therefore erred in dismissing the complaint for want of jurisdiction, it is the duty of this court to try the case on the evidence which is part of the transcript here. Plaintiff voluntarily invoked the aid of a court of equity and can not complain of want of jurisdiction and this court must treat this as an equity case and review the evidence *de novo*. 14 Ark. 104; 119 *Id.* 386; 105 *Id.* 669; 106 *Id.* 123; 132 *Id.* 145. In chancery cases this court will review the case on evidence, even if the lower court had no jurisdiction. 29 Ark. 472. The evidence here fails to show any contract for any definite period of time. Where one is employed to be paid so much per month, the employment is merely at will and for so long as the employee shall work, the stated amount being merely indicative of the rate at which the employee is to be paid for the time he may work. 15 Ark. 444; 35 *Id.* 156; 68 *Id.* 526. Such a contract is terminable by either party at will. 110 Ark. 144. Under the evidence and the law the findings are correct.

WOOD, J. This is an action instituted in the chancery court of Columbia County by the appellant against the appellees. The appellant alleged that the Arkansas Light & Power Company was originally incorporated as the Arkansas Power Company, of which Gus Kohn and Harvey Couch were stockholders, and that it was reincorporated and was doing business under the name of the Arkansas Light & Power Company, and Couch and Kohn were stockholders of the latter company; that on or about the 15th of June, 1914, E. B. Meeks entered into a contract of hire with the Arkansas Power Company for the remainder of the year 1914 at a salary of $80 per month, which contract was not in writing; that the company broke the contract by discharging him without cause, to his damage in the sum of $320, for which he prayed judgment.

The Arkansas Light & Power Company answered, denying all the material allegations of the complaint. Kohn and Couch entered a general demurrer to the complaint. On the 26th of April, 1920, the appellees moved to dismiss the complaint on the ground that the facts stated therein did not constitute a cause of action over which the court had jurisdiction. The court, over the objection of appellant, sustained the motion and entered a judgment dismissing the complaint, to which appellant duly excepted and prayed for and was granted an appeal to the Supreme Court. The appellant then asked that the case be transferred to the circuit court, which request or motion the court denied.

Two questions are presented: (1) Does the complaint state a cause of action in equity? Where one corporation is merely a reorganization or continuation of another corporation, the former is liable on the contracts of the latter. That is, where the circumstances are such as to warrant the conclusion that the former is not a separate and distinct corporation, but merely a continuation of the latter, and hence the same person in law, and where the new corporation has in express terms or by reasonable implication assumed the debts of the old corporation an action may be maintained against the new corporation for those debts. *Spear Mining Co.* v. *Shinn,* 93 Ark. 346; *Good* v. *Ferguson & Wheeler,* 107 Ark. 119; *Ferguson & Wheeler* v. *Good,* 112 Ark. 260. The complaint did not state a cause of action against the appellees in equity. It does not allege that the appellees, Kohn and Couch, expressly assumed the debts of the Arkansas Power Company, nor that any of the assets of the defunct corporation had gone into their hands. See *Arlington Hotel Co.* v. *Rector,* 124 Ark. 90; *Shafford* v. *Lesser & Co.,* 127 Ark. 590; *Alf. Bennett Lumber Co.* v. *Walnut Lake Cypress Co.,* 105 Ark. 421.

(2) Did the court err in dismissing the cause for want of jurisdiction? The motion to dismiss on the ground that the facts set forth in the complaint did not

state a cause of action was but tantamount to a general demurrer. *McAlister* v. *Graham,* 206 S. W. 393; *Yancey* v. *Boyce,* 1916 A. & E. Ann. Cas. 558. The record shows that the final judgment was entered on this motion dismissing the appellant's complaint. This ruling of the court was error. Since the complaint stated a cause of action at law, the same should not have been dismissed. Regardless of the name of the pleading, the court should have treated it as a motion to transfer to the law court, and should have transferred the cause to that court, instead of dismissing the same. Section 1041 C. & M. Digest; *Daniel* v. *Garner,* 71 Ark. 484; *Wood* v. *Stewart,* 81 Ark. 41; *Rowe* v. *Allison,* 87 Ark. 211; *Smith* v. *Pinnell,* 107 Ark. 185; see also *Lawler* v. *Lawler,* 107 Ark. 71.

For the error indicated, the judgment is reversed with directions to the chancery court to enter an order transferring the cause to the law court.