(124 So. 884)
**PHILLIPS v. CATTS.  (6 Div. 381.)**

Supreme Court of Alabama.  Nov. 7, 1929.

Rehearing Denied Dec. 19, 1929.

See, also, 217 Ala. 488, 117 So. 34.

L. D. Gray, of Jasper, for appellant.

334

R. A. Cooner, of Jasper, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

SAYRE, J. Appellee had judgment against appellant by which he recovered a royalty or commission alleged to have been earned by appellee in finding for appellant a lessee of a mining property. At first appellee filed his bill on the equity side of the court seeking an accounting of royalties earned to his credit, but this court in Phillips v. Catts, 206 Ala. 594, 91 So. 579, held that appellee had an adequate remedy at law, whereupon, on appellee's motion under the statute (Code, § 6486), the cause was transferred to the law side of the court, to which, as the court here held, "the same should have been originally brought."

■■ The trial was had upon the first count of the complaint. Demurrer to this count as amended was overruled without error. The contract by and between plaintiff and defendant describes the subject thereof as "my coal property"—meaning the coal property of defendant—and the complaint alleges that plaintiff had complied with his part of said contract and had secured a lessee "of said land" to whom defendant had executed a lease and who "entered into possession of the said lands and opened a coal mine or coal mines thereon and began mining coal therefrom and proceeded to pay to said Phillips the royalty or rent set out in said lease," and that "there was due the plaintiff from the defendant at the time the bill was filed in this case, to-wit, Nov. 27, 1915, the sum of $500.00, with the lawful interest thereon," etc. In the second suit, brought to recover subsequently accruing royalties, and by consent consolidated with the suit in the law court, by which the prosecution of the cause of action averred in the bill in equity, November 27, 1915, was kept on foot, like allegations were made. We have quoted enough of the complaint to disclose the fact that the ground of demurrer, which alleged, in substance, that the complaint failed to show that the lease secured was of coal lands owned by defendant on the date of the contract between him and plaintiff, was properly overruled. As for the further objection that the complaint failed to show a date from which interest on the royalties due and unpaid should be calculated, it will suffice to say that, presumptively, interest was due on the account between the parties only when it became a closed account by suit brought—this, in the absence of an agreement otherwise—for, until that time, the account was open and unliquidated (Zadek v. Burnett, 176 Ala. 87, 57 So. 447), or at the date of the last item, if for any reason the account became closed before that (Prestridge v. Irwin, 46 Ala. 653). The failure of the complaint, claiming interest, to allege the date from which interest became due—conceding for the argument that point was well taken in the demurrer filed—did not have the effect of denying the cause of action otherwise stated in the complaint. The demurrer was overruled without error.

■ Defendant, appellant, takes the position that the filing of the bill in chancery, though for the same cause of action, did not interrupt the running of the statute of limitation. Defendant is in error as to this. The real

and only reason for the enactment of section 6486 of the Code. to which we have referred above, was to intercept the running of the statute in the event the plaintiff, misconceiving his remedy, brings his action in the wrong forum, that is, sues in equity, whereas an action at law would be proper and necessary, or vice versa. The stated conclusion will suffice to answer appellant's argument for error in that action of the court by which demurrer to plaintiff's replication A to several pleas of the statute of limitations was overruled.

Whether any one had given notice to the lessee, operating the mine or mines on defendant's lands, that he should pay the royalty in suit to some one other than the defendant, was, in the state of the case shown by the record, of no consequence one way or the other, and the rulings as to that, whether for plaintiff or against defendant, cannot be made the basis for a reversal in a case properly tried in all other respects.

Plaintiff's witness in rebuttal, Wiley Woods, testified that on a former trial of the case he had read the paper propounded by defendant as the true contract between himself and plaintiff, or the best part of it, so that he could understand what it was, though he could not read it without "stumbling and studying over it." Thereupon the witness was asked—by defendant, we may concede, though the bill of exceptions makes no specific statement to that effect—"to refresh your recollection, didn't you take some time in the last trial of this case and couldn't read ten words of it?" The court, as the bill shows, sustained the objection, and "defendant excepted." The disputed paper was in evidence, as was the paper which plaintiff claimed was the true contract. This defendant denied. Defendant was illiterate. His contention seems to have been that plaintiff deceived him when he read the contract at the time of its execution and produced the paper in question as being a true copy of the contract, differing from the contract—or paper purporting to evidence the contract between the parties. Plaintiff claimed that the paper writing produced by defendant was a forgery, and this, we may infer, was the main issue between the parties. We are unable to see how the fact, if it was a fact, that on the former trial the witness had been unable to read ten words of the paper offered in evidence by defendant had any tendency to refresh the memory of the witness. His recollection was not in issue. The question before the jury related to the contents of the paper then and there before them. Nor was the question competent by way of contradiction, for the witness did not contradict his testimony given on the former trial. There was no reversible error in the court's ruling, nor, on the other hand, would there have been error in a contrary ruling. The matter was of no conse-quence from whatever point of view considered.

Appellant suggests the possibility of aiding and abetting a fraud in that ruling of the court whereby it admitted in evidence, over appellant's objection, the letter addressed by plaintiff to Dilworth, the person to whom the coal lands were leased—the letter shown on pages 97, 98, of the transcript. The letter showed negotiation with Dilworth for a lease. Defendant suggests that it may have been prepared for the occasion of the trial, and so its admission would open a way for the fraud. But any witness may commit perjury. That is always a question for the jury. The court passes only on questions of competency, relevancy, and materiality. There was no error.

According to the testimony of the witness Dilworth, defendant, after the witness had begun to mine coal on defendant's land under the lease brought about, according to plaintiff, by plaintiff, he (defendant) exhibited to the witness the contract between himself and plaintiff, saying, "Catts can't do anything according to that contract." Witness thereupon, according to his testimony, read that clause of the contract providing that, "In any event one cent a ton to be paid to said Samuel W. Catts," and said to defendant, "Catts has got you." To this defendant objected. In view of plaintiff's theory, which had support in the evidence, that defendant had altered his copy of the contract by preparing, or having prepared, a copy with the quoted words of liability omitted, the testimony of the witness was properly received as tending to show the occasion and the reason for the alteration, or rather the false copy, offered in evidence by the defendant. The further testimony of the witness Dilworth illustrates the propriety of the ruling. The witness further testified that, some time after he had said to defendant that Catts had him, defendant showed him what he (defendant) claimed at the trial to be his copy of the contract, with the clause on which plaintiff's action was based lacking. Catts had written both original copies, but a wayfaring man need not err in his judgment that Catts had not written the so-called copy produced by defendant at the trial. The testimony here in dispute tended to show preparation for a change of the contract, and was admitted without error.

Plaintiff's witness Schulhoeffer was a handwriting expert, and was without error allowed to testify that the signatures "Samuel W. Catts" appearing on the two separate paper writings produced at the trial and purporting to witness the contract between plaintiff and defendant were not written by the same person. 3 Jones on Ev. (2d Rev. Ed.) § 1304, p. 2386.

There was no error to reverse. Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.