MISSOURI PACIFIC RAILROAD COMPANY *v.* RILEY.

4-5489                                    128 S. W. 2d 1005

Opinion delivered May 22, 1939.

*Thomas B. Pryor, David R. Boatright* and *W. L. Curtis,* for appellant.

*Partain & Agee,* for appellee.

SMITH, J. Between 8 and 8:30 on the night of March 24, 1938, E. J. Riley left home in his car, with his wife and two children, to visit his wife's mother. As he crossed the tracks of the appellant Railroad Company in the City of Fort Smith his car collided with a locomotive which was switching two cars attached to the rear of the locomotive. Appellee sustained personal injuries, as did also his wife and one of the children, the other child, a baby, escaping injury. Judgment was recovered to compensate these injuries, and also the damage to appellee's car.

The cause was correctly submitted to the jury under instructions usually given in such cases.

The testimony of the plaintiffs was to the effect that Riley looked and listened for a train as he drove upon the track, but he neither saw nor heard a train. It was "pitch dark," as Riley said, and he offered his own and other testimony to the effect that the headlight of the engine was not shining, and that the whistle was not blown, nor was the bell rung, as the train approached the crossing.

However improbable it may be that a train would be switched in the dark, there was affirmative testimony to that effect, and, as was said by Justice Hart in the case of *St. Louis & San Francisco Ry. Co.* v. *Stewart,* 137 Ark. 6, 207 S. W. 440, "It is possible, however, for a train to be run without the headlight on the engine being lighted and whether the headlight was burning at the time of the accident does not contradict any law of nature or the physical facts in the case, but depends upon whether or not the plaintiff and his witnesses were telling the truth." A case was, therefore, made for the jury.

The court read § 11135, Pope's Digest, as an instruction in the case. This section requires trains to give signals as crossings are approached, and that "A

bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing, or whistling, until it shall have crossed said road or street, . . ."

Objection was made to this instruction upon the ground that "The movement of this train was less than eighty rods from the crossing where the accident occurred at the time the movement started, and that said movement was a switching movement." In other words, after being put in motion the train did not travel eighty rods before reaching the crossing.

The duty to ring the bell or blow the whistle is not relieved because the train was put in motion at a point less than eighty rods from the crossing. Of course, the crossing signals could not be given for a distance of eighty rods, but they could and should be given while the train is approaching the crossing, whatever the distance.

After objection to the instruction it was modified to read that the signal should be given "in approaching a crossing and within 80 rods thereof, or within any distance under 80 rods traveled in approaching a crossing."

The instruction as modified was correct and was authorized by the statute. The case of *Missouri Pacific R. R. Co.* v. *Powell*, 196 Ark. 834, 120 S. W. 2d 349, is adverse to appellant's contention in regard to the instruction as modified, and disposes of it.

Judgments were recovered in this case as follows: For E. J. Riley, $2,000.00, which included damage to his car; for the injury to his wife, $3,000.00; for the injury to his little daughter, Jo Ann, the sum of $2,000.00, making a total judgment of $7,000.00.

It is not very seriously contended that the judgment in favor of Mrs. Riley for $3,000.00 is excessive, but it is very earnestly insisted that the other judgments are.

As to the judgment in Mr. Riley's favor for $2,000.00, it may be said that his car was wrecked, and that he paid for himself and for his wife and daughter $100.00 for

medicines and medical attention. He received an injury to his eye which caused him much pain. He testified that "I had gotten a lick in my stomach, and was down in my back for several days after the wreck, and didn't work for a week or two and my back is still that way up until now, but it is all right as long as I don't strain myself, I can make it all right if I take it easy." He stated his occupation to be that of machine operator, which occupation he was able to pursue, and was now pursuing, except that, when it was necessary to lift some heavy object, or to crank a machine, as it frequently was, he was required to have assistance, which would not have been necessary but for his injury. The doctor who attended Mr. Riley testified that his injuries had been very painful, as appellee was both swollen and tender, and one Garrett, who works with appellee, testified that even then, some months after the injury, witness was required to do the heavy work which their employment required.

Under these circumstances we are unable to say that the verdict in Mr. Riley's favor is excessive.

The child received several cuts and bruises, which, while painful, are not permanent, except a scar over her eye, which the doctor said might finally disappear, and a scar on the lower part of her hip and side about five or six inches long, which the doctor said would not disappear. This scar is a disfigurement which may be more embarrassing when Jo Ann becomes a woman than it is now while she is a child. Permanent disfigurement has always been regarded as a recoverable element, in measuring damages, and we are unable to say that the verdict on this account is excessive. *Ferguson, etc., Co.* v. *Good,* 112 Ark. 260, 165 S. W. 628.

Upon the whole case we are unable to say that any of the judgments are excessive, and, as there was no error in the trial at which they were recovered, they must be affirmed, and it is so ordered.