Jennifer Gaye LINDER, a Minor, by and through Her
Parents, Perry L. Linder and Mavis Linder *v.* Dan
HOWARD and Travis Howard

88-75                                        757 S.W.2d 549

Supreme Court of Arkansas
Opinion delivered October 10, 1988

*Darryl Graves*, for appellant.

*Matthews, Sanders, Liles & Sayes*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal is from a
judgment dismissing appellant Jennifer Linder's suit on the
grounds that it was barred by the statute of limitations. Linder
contends that the court erred in dismissing her claim because the
case had been transferred from chancery court where it had been
inadvertently but timely filed. The appellees, Dan Howard and
Travis Howard, respond that the trial court was correct in
dismissing the suit and also request that we affirm in light of
Linder's failure to adhere to the proscriptions of Rule 9 of the
Rules of the Supreme Court and the Court of Appeals.

While Linder's abstract falls considerably short of the requirements of Rule 9, it is not "flagrantly" deficient. Rule 9(e)(2). Because Linder's suit was filed in chancery court before expiration of the applicable limitations period, and because the chancery court was directed by statute to transfer the action to the proper forum, i.e., circuit court, the circuit court judge erred in dismissing the suit. Accordingly, the judgment is reversed and the cause remanded for trial.

The underlying action arose out of an automobile accident occurring on May 17, 1983. Linder was seventeen years old at the time of the accident and turned eighteen on October 15, 1983. Pursuant to Ark. Code Ann. §§ 9-25-101 and 16-56-116 (1987), Linder had until October 15, 1986, to file an action in connection with her injuries from the automobile accident. Linder's complaint was filed in chancery court on October 14, 1986. Subsequently, after the limitations period had expired, Linder filed a motion in chancery court which acknowledged that the suit had not been filed in the proper forum and requested that the case be transferred to circuit court. The Howards responded with a motion to dismiss.

On February 25, 1987, the chancellor transferred the case to circuit court—presumably pursuant to the provisions of Ark. Code Ann. §§ 16-13-401 and 16-57-104(a) (1987). Section 16-57-104(a) provides:

> An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings by an amendment in the pleadings, and a transfer of the action to the proper docket.

Upon transfer of the case, the Howards filed an answer in circuit court which raised the statute of limitations issue and requested that the suit be dismissed. A motion for summary judgment filed on identical grounds was granted by the circuit court which relied upon our decision in *Erwin, Inc.* v. *Arkansas Louisiana Gas Co.*, 261 Ark. 537, 550 S.W.2d 174 (1977).

In *Erwin* we held that the proper commencement of an action tolls the running of the statute of limitations. Rule 3 of the Arkansas Rules of Civil Procedure provides that a civil action is

commenced by filing a complaint with the clerk of the proper court, and the reporter's note to Rule 3 states that the term "proper court" means one which has jurisdiction of the subject matter. Here, the trial judge determined that the filing of Linder's suit in chancery court did not constitute the "proper" commencement of an action so as to toll the statute of limitations. Because the applicable limitations period had expired prior to the transfer to circuit court, the trial judge concluded that the suit was barred. We disagree.

The parties do not dispute the propriety of a transfer from chancery to circuit court in cases where a plaintiff has filed in the wrong forum. In fact, we have held that a motion to dismiss by the defendant in such cases should be treated by the court as a motion to transfer. *Meeks* v. *Arkansas Light & Power Co.*, 147 Ark. 232, 227 S.W. 405 (1921). The crux of this appeal is the effect to be given to section 16-57-104(a), the transfer statute, when an action has been timely filed in the *wrong forum* and transfer of the case to the proper court necessarily occurs after the running of the limitations period.

We adhere to our language in *Erwin, supra*, that the proper commencement of an action tolls the running of the statute of limitations. In other jurisdictions, the corollary of our position in *Erwin* is that the commencement of an action in a court which lacks jurisdiction *will not* toll the statute of limitations. *Star-Kist Foods* v. *Chicago, Rock Island & Pacific Railroad Co.*, 586 F. Supp. 252 (N.D. Ill. 1984). However, as noted in *Star-Kist Foods* (citing *Herb* v. *Pitcarin*, 324 U.S. 117 [1944]), there is an exception. When the court lacking subject matter jurisdiction has, by statute, authority to transfer the action to a court of competent jurisdiction, timely filing of the suit in the first court tolls the statute.

In *Phillips* v. *Catts*, 220 Ala. 332, 124 So. 884 (1929), the Alabama court in a well reasoned opinion dealt with the same issue and a code provision similar to section 16-57-104(a). The court found:

> Defendant, appellant, takes the position that the filing of the bill in chancery, though for the same cause of action, did not interrupt the running of the statute of limitation. Defendant is in error as to this. The real and only reason for

the enactment of section 6486 of the Code [the transfer statute], to which we have referred above, was to intercept the running of the statute in the event the plaintiff, misconceiving his remedy, brings his action in the wrong forum, that is, sues in equity, whereas an action at law would be proper and necessary, or vice versa.

The same is true in this case. The General Assembly's obvious intent in enacting section 16-57-104(a) is that a plaintiff's error in filing proceedings in an improper court should be corrected merely by transferring the proceedings to the proper court. The statute clearly expresses that such an error or mistake on the plaintiff's part should not cause his or her action to *abate* or be dismissed. Pursuant to section 16-57-104(a) the chancery court had the authority and the duty to transfer Linder's suit to circuit court. The filing of the action in chancery court—albeit in the wrong forum—was timely and served to intercept and toll the statute of limitations.

Section 16-57-104(a) is compatible with Arkansas's savings statute, Ark. Code Ann. § 16-56-126 (1987), which we recently discussed in *Carton* v. *Missouri Pacific Railroad Co.*, 295 Ark. 126, 747 S.W.2d 93 (1988). Section 16-56-126, in part, provides:

> *If any action is commenced within the time respectively prescribed in this act*, in §§ 16-116-101—16-116-107, in §§ 16-114-201—16-114-209, *or in any other act, and the plaintiff therein suffers a nonsuit,* or after a verdict for him the judgment is arrested, or after judgment for him the judgment is reversed on appeal or writ of error, *the plaintiff may commence a new action within one (1) year after the nonsuit* suffered or judgment arrested or reversed. [Emphasis ours.]

In *Carton*, we held that section 16-56-126 permits a plaintiff who commences a suit within the applicable statute of limitations, which suit is subsequently dismissed for lack of subject matter jurisdiction, to refile the action within the period of the "savings statute." While *Carton* involved a nonsuit, we noted that for the purposes of the savings statute a dismissal on defendant's motion is the same as a nonsuit. The only difference between *Carton* and the present case is that here the chancery court transferred the action to circuit court—the proper forum. In

*Carton*, the plaintiff nonsuited her tort action in federal court, which had no subject matter jurisdiction, and later refiled her action in the state court, which did have subject matter jurisdiction.

If we were to accept the appellees' arguments as concerns the holding in *Erwin* and the language of Rule 3, we would be required to hold that a plaintiff's action would be barred if the court which had no jurisdiction *transferred* the proceeding to the proper court as mandated by section 16-57-104(a); whereas if the court *dismissed* plaintiff's action for want of jurisdiction, or plaintiff nonsuited for the same reason, plaintiff could avail himself of the savings statute which permits him one year to commence a new action. Obviously, such an inconsistency cannot prevail. Savings statutes and provisions that provide for transfers between our chancery and circuit courts are remedial in nature. They reflect the legislature's intent to protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect.

Rule 3 provides for the commencement of an action and contemplates the filing of a suit in the court of proper jurisdiction; section 16-57-104(a) provides for a fair and just remedy, i.e., transfer, when the suit has been commenced in the wrong court, and the fact that a particular limitations period expires after filing of the suit but before completion of the transfer process should not be viewed in a manner which would elevate the form of Rule 3 over the substance of section 16-57-104(a). In light of the foregoing, we find that the circuit court erred in granting the motion for summary judgment.

Reversed and remanded.

NEWBERN, J., concurs.

HAYS, J., dissents.

DAVID NEWBERN, Justice, concurring. The complaint in this case alleged injury in an automobile accident which occurred May 27, 1983. The plaintiff was a minor when the accident occurred, so she had three years from the time of reaching majority to file her complaint. She alleges that she had until October 14, 1986, to file, and that is the date on which the

complaint was filed. Having waited until the last possible filing date, she filed her complaint for personal injury in the chancery court. Her statement of the case on appeal is that the complaint was "inadvertently" filed in the chancery court.

Sometimes cases have both legal and equitable aspects and it is difficult to know whether to begin in the chancery or circuit court. This was not such a case. The lawyer who filed this case must have known it belonged in the circuit court. The thought that it was filed in the chancery court merely for the purpose of further delay is inescapable. However, if we were to hold that the statute of limitations prevents the circuit court from considering the case after transfer, we would be imposing a rule which we would have to apply in all cases, including those where there could be a legitimate question where the case should be filed. While my sentiment is with Justice Hays's dissenting opinion, I must concur with the majority.

If we are ever to put an end to this gamesmanship, we must amend our Constitution and unify our court system.

STEELE HAYS, Justice, dissenting. The appellant was a minor when her cause of action arose. Her minority was extinguished on October 15, 1983 and pursuant to Ark. Code Ann. § 9-25-101 and § 16-56-116 (1987), appellant had until October 15, 1986, to commence an action. Her complaint was filed one day before the running of the statute of limitations, i.e. October 14, 1986, in chancery court.

The appellant sought money damages for injuries resulting from an automobile accident, and, clearly, filing in the chancery court was improper. Moreover, a motion to transfer the case from law to equity pursuant to Ark. Code Ann. § 16-13-401 (1987), was not filed until October 30, 1986, over two weeks after the statute of limitations had expired. On February 25, 1987, the case was transferred to circuit court.

On December 18, 1978, the Arkansas Supreme Court adopted the Rules of Civil Procedure (with modifications) as submitted by the Civil Procedure Revision Committee. Among the newly adopted rules was A.R.C.P. Rule 3, which provides that "a civil action is commenced by filing a complaint with the clerk of the proper court who shall note thereon the date and precise

time of filing." The Reporter's Notes to Rule 3 clearly define 'proper court' as one which has jurisdiction of the subject matter and the parties described in the complaint and in which venue is proper. Therefore, in order to commence a civil suit, and thus to toll the statute of limitations, one must file with the *proper* court.

It is interesting to note the language of an article authored by the Reporter to the Civil Procedure Revision Committee and a committee member, commenting on Rule 3:

> One can imagine a case being filed the day before the running of the statute of limitations in a court that is not the proper court, and thus the plaintiff would be held not to have complied with the statute of limitations because he failed to commence the action before the statute had run. This may cause lawyers to have second thoughts about filing questionable cases in courts of chancery or circuit courts in Arkansas where the matter of propriety may be crucial. It certainly should put an end to whatever practice there may have been of filing cases in the wrong court close to the time the statute of limitations was to run in order to get a delay beyond the expiration period of that statute.

Cox and Newbern, *New Civil Procedure: The Court that Came in from the Code*, 33 Ark. L. Rev. 1 (1979).

Even before the adoption of Rule 3, Arkansas case law held that the proper commencement of an action tolls the running of the statute of limitations. *Erwin, Inc.* v. *Arkansas Louisiana Gas Co.*, 261 Ark. 537, 550 S.W.2d 174 (1977). So now under Rule 3 it seems clear that proper commencement means filing with the proper court, and only with "proper" commencement is the statute of limitations tolled.

Even if such a procedure were not so clear, there is another ground upon which to uphold this dismissal of the appellant's suit by the trial court. Pursuant to Ark. Code Ann. § 16-11-302 (1987), the Supreme Court maintains exclusive power over the rules of practice and procedure in civil cases and no legislative approval is required. Therefore, it would seem that A.R.C.P. Rule 3 would take precedence over any legislatively enacted procedural rules which may conflict with Rule 3, such as Ark. Code Ann. §§ 16-57-104 and 16-13-401 (1987). These statutes

can easily be read consistent with Rule 3 by reading in what was so obviously intended—that an error in the kind of proceedings requires a transfer of the action to the proper docket rather than dismissal or abatement of the action provided that the statute of limitations has not yet run. However, the majority in this case dealing with pure state common law, advocates allowing Ark. Code Ann. § 16-57-104(a) (1987) to prevail over the clear language of A.R.C.P. Rule 3.

The majority now adopts an exception to the rule in *Erwin, supra*, that proper commencement of an action tolls the running of the statute of limitations. The majority relies on *Star-Kist Foods* v. *Chicago, Rock Island & Pacific Railroad Co.*, 586 F. Supp. 252 (N.D. Ill. 1984), which cites *Herb* v. *Pitcarin*, 324 U.S. 117 (1944), in carving out this exception. The exception basically provides that when a court lacks subject matter jurisdiction but by statute it has the authority to transfer the action to a court of competent jurisdiction, the filing of the first suit (i.e. the suit filed in a court without subject matter jurisdiction) tolls the statute of limitations. Applying the exception to the facts of this case would allow the appellant who filed in chancery court to transfer her case to the proper docket under Ark. Code Ann. § 16-57-104(a) (1987), and the statute of limitations would have been tolled by her October 14, 1986, filing.

The exception created by the court in *Herb*, and applied in *Star-Kist*, is inapplicable to the case before this court. Both *Herb* and *Star-Kist* dealt with causes of action arising from federal statutes. *Star-Kist* involved recovery for damages for goods in transit under the Carmack Amendment, while *Herb* interpreted § 6 of the Federal Employers' Liability Act (FELA).

In *Herb*, the plaintiff filed in a Granite City, Illinois city court for recovery under § 6. The city court granted relief to the plaintiff, yet the appellate court reversed and remanded the case. In the meantime, the Illinois Supreme Court ruled that city courts did not have jurisdiction to hear § 6 FELA cases. The plaintiff, whose case was pending for retrial, then made a change of venue motion. This motion occurred more than two years from the day of injury. Section 6 provided that an action must be commenced within two years from the date of the injury. It seems clear that in order to protect this federally created substantive

right, and not to penalize the plaintiff for the procedural delays occasioned by the subsequent Illinois Supreme Court decision, an exception to the tolling of the statute of limitations was necessary.

In the case before this court no federal cause of action exists. The case is a standard common law negligence suit. Federal law plays no part in this lawsuit, and thus the desire to protect a federal cause of action by granting an exception to state law is not present. Furthermore, the procedural facts in this case are quite unlike those in *Herb*.

The majority cites *Phillips* v. *Catts*, 220 Ala. 332, 124 So. 884 (1929), an Alabama case interpreting an Alabama statute similar to Ark. Code Ann. § 16-57-104(a) (1987). Alabama authority certainly has no precedential value for this court. The Alabama court determined that the Alabama legislative history behind their Code provision was to intercept the running of the statute of limitations. However, Arkansas's legislative rationale is not quite so clear, and Arkansas rationale need not follow that of Alabama. Upon closer examination, the Alabama statute seems more limited than the majority presents. In *Phillips* the court stated that the Code "was to intercept the running of the statute in the event the plaintiff, *misconceiving his remedy*, brings action in the wrong forum." (Emphasis added). In the case at bar, even if the Alabama rationale prevailed, there was certainly no misconception as to the plaintiff's remedy. Unlike in *Phillips* where a genuine argument was asserted claiming grounds for a suit in a court of equity, no such issue was present in this case.

The case at bar seems to be precisely the situation envisioned by the Cox/Newbern commentary to A.R.C.P. Rule 3. I believe the trial court correctly read and interpreted our holding in *Erwin, Inc.* v. *Arkansas Louisiana Gas Co., supra*, and should be affirmed.