# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3888

_____

| | | |
|---|---|---|
| Patricia A. Chandler; <br> and Roger Chandler, | * <br> * <br> * | |
| Appellants, | * <br> * | Appeal from the United States |
| v. | * <br> * | District Court for the Eastern <br> District of Arkansas. |
| F. Hampton Roy, M.D., <br> Arkansas Cataract Center, P.A., <br> a professional association, | * <br> * <br> * <br> * | |
| Appellees. | * | |

_____

Submitted: June 15, 2001

Filed: December 6, 2001

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BATAILLON,[1] District Judge

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Following surgery in March, 1995, Patricia Chandler brought a medical malpractice action against Dr. F. Hampton Roy in federal district court in Arizona. That action was dismissed in December 1997 for lack of personal jurisdiction. Less

_____

[1]Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

than a year later, Ms. Chandler brought the same claim in federal district court in Arkansas. The issue that this case presents is whether this latter action, although filed after Arkansas's two-year statute of limitations had run, was nonetheless timely because of an Arkansas statute commonly called the "savings statute." *See* Ark. Code Ann. § 16-56-126. The district court concluded that the savings statute did not apply and that the action was therefore barred, and Ms. Chandler appealed. We reverse the district court's judgment.

I.

The Arkansas savings statute provides in relevant part that "if any action is commenced within the time prescribed ... and the plaintiff therein suffers a nonsuit ... the plaintiff may commence a new action within (1) one year after the nonsuit suffered." Ark. Code Ann. § 16-56-126. In short, the statute requires a plaintiff to satisfy two conditions: the original action must be timely "commenced," and the plaintiff must suffer a "nonsuit." *See Follette v. Wal-Mart Stores, Inc.*, 47 F.3d 311, 313 (8th Cir. 1995), *cert. denied*, 516 U.S. 814 (1995). We therefore consider, in turn, whether within the meaning of the statute the action in Arizona, which was dismissed less than one year before the action was filed in Arkansas, was "commenced," and whether its dismissal constituted a "nonsuit."

Under Ark. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the clerk of the proper court." Dr. Roy argues that the prior action in Arizona was not commenced in a "proper court"; such a court, under the Arkansas Rules of Civil Procedure, must have "jurisdiction of the subject matter and parties described in the complaint," Ark. R. Civ. P. 3, Reporter's Note 4. The Arkansas Supreme Court, however, has construed the commencement requirement of the Arkansas savings statute liberally to ensure that litigants do not forfeit their rights, and has applied it even when the original court lacks subject matter jurisdiction over the action. *See Linder ex rel. Linder v. Howard*, 296 Ark. 414, 416-18, 757 S.W.2d 549, 550-51 (1988). *See also LaBarge v. Universal Circuits, Inc.*, 751 F. Supp. 807, 808-11

(W.D. Ark. 1990), where the court reached a similar conclusion, citing a long line of precedents interpreting the Arkansas savings statute liberally.

While the district court endorsed a broad construction of the Arkansas savings statute, it felt constrained to conclude that Ms. Chandler's action was barred because of our holding in *Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289 (8th Cir. 1980). In *Biby*, we held that the filing of a complaint in California did not constitute a commencement for the purposes of the Arkansas savings statute because the California action was not filed in good faith. *See id.* at 1294. The district court concluded that Ms. Chandler's filing of a complaint in Arizona did not constitute a commencement for the purposes of the Arkansas saving statute because Ms. Chandler did not have a "good faith expectation of obtaining personal jurisdiction"; her filing, the district court thought, like the one in *Biby*, was a "procedural ploy."

We believe, however, that the facts in the case at bar make it distinguishable from *Biby*. In *Biby*, 629 F.2d at 1294, the record indicated that the plaintiffs did not have any intention of proceeding in California: they made no effort to serve the defendants while the complaint was pending in California, and ten days after the complaint was filed they sought to transfer the case to Arkansas. Their sole purpose for filing in California was to toll the statute of limitations. *See id.* In contrast, Ms. Chandler wanted her case to be heard and adjudicated in Arizona: the defendants were served; Ms. Chandler never requested a change of venue; and for nearly six months she made every effort to proceed in Arizona, opposing a motion to dismiss the case for a lack of jurisdiction.

The fact that Ms. Chandler's selection of Arizona as a forum may have turned out to have been erroneous is not a sufficient basis for a conclusion that she did not act in good faith. *See Biby*, 629 F.2d at 1294; *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). In assessing a party's good faith, the reasonableness of a party's decision to select a forum is not dispositive; our focus instead is on the party's intent

to proceed in that forum. Although Ms. Chandler's filing in Arizona may have been based on incorrect suppositions about the facts or on dubious legal reasoning, Dr. Roy failed to show that Ms. Chandler lacked an intention to proceed in Arizona. We therefore believe that she acted in good faith and that her filing in Arizona constituted a commencement for the purposes of the Arkansas savings statute.

We also conclude that the dismissal of Ms. Chandler's action in Arizona constituted a nonsuit within the meaning of the Arkansas savings statute. Under that statute, a nonsuit occurs when plaintiffs "from causes incident to the administration of law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action, yet undetermined." *State Bank v. Magness*, 11 Ark. 343, 346 (1850). The dismissal of a plaintiff's suit due to a lack of jurisdiction is one instance of a nonsuit. *See Carton v. Missouri Pacific RR Co.*, 295 Ark. 126, 128, 747 S.W.2d 93, 94 (1988); *Linder*, 296 Ark. at 417-18, 757 S.W.2d at 551. Since Ms. Chandler's action in Arizona was dismissed due to lack of personal jurisdiction, she suffered a nonsuit under the Arkansas savings statute.

## II.

In sum, we believe that the filing of Ms. Chandler's action in Arizona constituted a "commencement" and that its dismissal was a "nonsuit" for the purposes of triggering the Arkansas savings statute, and that the statute therefore saved her subsequent action in Arkansas. We therefore reverse the district court's judgment and remand for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.