NORM COMPANY v. HARRIS.

4-5274                                    122 S. W. 2d 532

Opinion delivered November 28, 1938.

*J. R. Long,* for appellant.

*Bessie N. Florence,* for appellee.

HUMPHREYS, J. This suit was brought by appellants against appellee in the circuit court of Garland county on the 22d day of March, 1938, alleging in their complaint that on the 25th day of November, 1932, they entered into a written contract with appellee to furnish her certain advertising in reserve territory for the sum of $208 per annum; that appellee breached her contract by failing to perform same on December 29, 1932.

Appellee filed a demurrer to the complaint on the ground that the action was barred by the five-year statute of limitation for failure to bring suit on the breach within five years after said breach.

Thereupon the attorneys of the respective parties signed and filed an agreed statement of facts as follows:

''The contract made the basis of this suit was dated November 25, 1932; the performance of service under the contract as alleged on the part of the plaintiffs occurred on November 29, 1932, and alleged failure of performance by the defendant occurred on December 29, 1932. A suit had been filed on March 6, 1936, by the Norm Company as plaintiff, which failed to set out in the caption of the complaint or in the complaint itself the names of any of the parties who composed the Norm Company, a partnership. However, in an exhibit to the complaint, marked 'A', the names of certain persons appeared as partners. A demurrer to this complaint was filed on March 23, 1936, alleging the defect of parties plaintiff. Said demurrer was heard by the court and

sustained as to defective parties plaintiff on April 19, 1937, and the suit dismissed."

The trial court, after the agreed statement of facts was filed, treated the demurrer as a motion to dismiss the cause of action and sustained the motion and dismissed the complaint, from which order of dismissal is this appeal.

Appellants contend that the court erred in sustaining the motion to dismiss the complaint for the reason that the statute of limitations was tolled by the institution of a suit on March 6, 1936, by them against appellee which was dismissed by the court on account of defect of parties plaintiff, which amounted to a nonsuit and entitled them to bring a suit on the same cause of action within one year from the dismissal thereof and that the instant suit was brought within the one-year period under the provisions of § 8947 of Pope's Digest which is as follows: "If any action shall be commenced within the time respectively prescribed in this act and the plaintiff therein suffer a nonsuit, or after a verdict for him the judgment be arrested, or after judgment for him the same may be reversed upon appeal or writ of error, such plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed."

This court decided in the case of *Little Rock, M. R. & T. Railway Co.* v. *Manees*, 49 Ark. 248, 4 S. W. 778, 4 Am. St. Rep. 45, that: Although an action is brought in a court without jurisdiction, yet its pendency will arrest the statute if a proper action is commenced within a year after the judgment in first suit is vacated; and again decided in the case of *Watkins* v. *Martin*, 69 Ark. 311, 65 S. W. 425, that: Plaintiff must prove bringing of action within one year after dismissal of former action. The agreed statement of facts shows that the suit filed on March 23, 1936, was dismissed on April 19, 1936, on account of a defect of parties plaintiff because the members of the partnership, "Norm Company," did not appear in the caption or body of the complaint, but only appeared in Exhibit "A" to said complaint. The demurrer was sustained and the complaint dismissed under

§ 1485 of Pope's Digest authorizing the court to dismiss an action without prejudice to a future action for want of necessary parties. Appellee argues that the agreed statement of facts does not show that the case was dismissed without prejudice on account of a defect of parties plaintiff and that it must be presumed that it was dismissed upon the merits of the case from which dismissal appellant might have appealed and that for this reason it did not arrest or toll the statute, but the agreed statement of facts does show that it was dismissed on account of a defect of parties, and being dismissed for a defect of the parties, it was dismissed by the court without prejudice under the statute itself. Appellee argues that it amounted to no suit at all, because it was brought by "Norm Company," and that "Norm Company" was not shown to be a corporation or partnership either in the caption or the body of the complaint. The agreed statement of facts shows that an exhibit was attached to the complaint showing that the "Norm Company" was a partnership composed of John H. Ryder, J. Frank Smith, Adolph Doll and Harriett E. Doll. But it is insisted that the exhibit attached was no part of the complaint, and that it was proper for the court in dismissing the case to ignore the exhibit. In this, appellee is in error. The exhibit could have been referred to, and should have been referred to, not to contradict or control, but in explanation of, the allegation. *Lindsey* v. *Bloodworth,* 97 Ark. 541, 134 S. W. 959. Had the court looked to the exhibit it could have readily ascertained that "Norm Company" was a partnership consisting of John H. Ryder, J. Frank Smith, Adolph Doll and Harriett E. Doll, because nothing in the exhibit contradicted that the "Norm Company" had entered into a contract made the basis of this suit, but simply explained who "Norm Company" was. It is apparent that "Norm Company" in the first suit was the "Norm Company" in the instant suit, and that the individuals composing "Norm Company" were the same persons in both cases. The dismissal of the case amounted to a nonsuit without prejudice for defect of parties under the provisions of § 1485 of Pope's Digest, and not a dismissal of the case on its merits.

The judgment is, therefore, reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.