STEELE *v.* GANN.

4-5317                                    123 S. W. 2d 520

Opinion delivered January 9, 1939.

*Ben D. Brickhouse* and *Linwood L. Brickhouse,* for appellant.

*John Sherrill* and *Frank Wills,* for appellee.

MEHAFFY, J. This action was commenced by appellant who filed in the circuit court the following complaint:

"Comes the plaintiff and for cause of action herein states: That on March 29, 1926, defendant performed an operation on plaintiff for gall stones and for hernia, in the city of Little Rock, Arkansas, at St. Vincent's Infirmary. That seven or eight weeks after said operation plaintiff began suffering pains in the region of the gall bladder, which suffering continued almost constantly from then until the date of plaintiff's re-operation on March 26, 1936. That in September, 1935, plaintiff suffered a physical and nervous breakdown due to constant suffering, ill health and worry over her physical condition. Plaintiff was in such a weakened condition that re-operation at the time of her collapse was not advisable. After six months of nursing and confinement to bed the second operation was performed on plaintiff in the gall bladder region to discover the cause of plaintiff's suffering. This operation was performed at St. Edwards' Infirmary in the city of Fort Smith, Arkansas, on March 26, 1936; That upon entering the region of the gall bladder, where the gall bladder should have been, there was encountered an enlarged abscessed mass about the size of a small orange. The mass was covered by omentum, and the walls of same were definite, distinct and movable. In the process of removing this mass an old puss-soaked gauze sponge exuded from a rupture therein. This mass developed to be the gall bladder of plaintiff in a swollen, abscessed and decayed condition. That said gauze sponge had been left in the gall bladder or the cavity enclosing same by the defendant at the time he operated on or dressed plaintiff's wound March 29, 1926. The existence of the foreign matter in the wound of the gauze sponge caused the abscess and decay of the gall bladder, the processes of nature covering the affected party by omentum preserving said sponge until its discovery in 1936.

"That the leaving of said gauze sponge in the gall bladder or the gall bladder area by the defendant was due to the careless and negligent conduct of said operation by the defendant or those under his direction. That as a result of such negligence and carelessness aforesaid

plaintiff endured almost constant pain from 1926 to 1936. That since the removal of the abscessed mass from plaintiff at the time of the second operation plaintiff has been relieved of the pain suffered in the gall bladder region and has in some measure regained a semblance of health, but the impaired condition of her entire system due to the absorption of pus over the long period of years, had permanently injured her health. Arthritis has developed in both arms and shoulders and will continue to exist during the rest of her natural life. Plaintiff is without strength with which to perform her normal household duties and is forced to, and has been since the beginning of her last trouble in 1926, employing household help.

"That during the period of illness caused by defendant's negligence in 1926 until and including the operation in March, 1936, plaintiff has expended large sums of money in doctors, hospital, nursing and medical bills. That by reason of the physical pain and suffering, including the second operation, mental anguish and financial expenses caused plaintiff in the past and the pain, suffering and general ill health which she will suffer for the rest of her life by reason of the carelessness and negligence of the defendant as hereinbefore alleged, plaintiff has been damaged in the sum of forty thousand ($40,000) dollars.

"Wherefore, plaintiff prays judgment against the defendant in the sum of forty thousand ($40,000) dollars, together with all costs herein expended."

The appellee filed the following demurrer:

"The defendant, with permission of the court, withdraws its answer heretofore filed in this case and demurs to the complaint of plaintiff, because same shows upon its face that it is barred by the statute of limitations."

The court sustained the demurrer, and appellant refused to plead further, and the complaint was dismissed. The court, in sustaining the demurrer, held that the cause of action was barred by act 135 of the Acts of 1935, which reads as follows:

"An Act to Provide a Definite Statute of Limitations Relative to All Actions of Contract or Tort Arising Out of Malpractice of Physicians, Surgeons, Dentists, Hospitals and Sanitaria.

"Be It Enacted by the General Assembly of the State of Arkansas.

"Section 1. Hereafter all actions of contract or tort for malpractice, error, mistake, or failure to treat or cure, against physicians, surgeons, dentists, hospitals, and sanitaria, shall be commenced within three years after the cause of action accrues. The time of the accrual of the cause of action shall be date of the wrongful act complained of and no other time.

"Section 2. All laws or parts of laws in conflict herewith are hereby repealed and this act shall take effect and be in force from and after its passage."

The appellant contends that the legislature intended the act to mean that the law existing at the time of the passage of the statute to the effect that a person wronged has three years from the time of discovery of the wrong in which to bring his suit was being changed to read that from henceforth or "thereafter" the action must be brought within three years from the time of the commission of the wrongful act regardless of the time of the discovery. It is contended that the appellant would have three years from the date of the passage to bring suit, and she cites and relies on the case of *Baldwin* v. *Cross*, 5 Ark. 510. The court stated in that case that prior to the passage of the act which the court then construed, there was no statute in force in the territorial government as to limitations upon foreign judgments, and that all demands existing when the act went into operation must be sued for within the time prescribed, or they would be barred. But the court also said in that case: "No statute can be construed retrospectively when it takes away subsisting vested rights. It cannot cut off all remedy and deprive a party of his right of action."

Act 135 did not take away any subsisting vested rights and did not deprive the party of her right of action. Act 135 contained no emergency clause, and we recently said: "If, therefore, an act is passed which does

not contain an emergency clause in which the fact is stated constituting the emergency, the act does not become effective until 90 days after the adjournment of the session of the general assembly at which it was enacted.'' *Gentry* v. *Harrison,* 194 Ark. 916, 110 S. W. 2d 497.

The general assembly of 1935, after the passage of this act, adjourned on March 14, 1935, and therefore the act did not become effective until 90 days after March 14, 1935. Appellant therefore had 90 days after the passage of the act in which she might have brought her suit.

This provision of our constitution providing that acts without the emergency clause take effect 90 days after the adjournment of the Legislature gives parties 90 days and has the same effect that an act would if passed and it were expressly stated in the act that in causes of action that had already accrued parties should have 90 days after the adjournment of the Legislature in which to bring suit.

The Massachusetts court said: ''The fact that the time allowed under the statute is the 30 days between the passage of the law and the day when it takes effect, instead of the same length of time expressly given by the terms of the act is immaterial.'' *Mulvey* v. *City of Boston,* 197 Mass. 178, 83 N. E. 402, 14, Ann. Cas. 349. The court in that case also said: ''What shall be considered a reasonable time must be settled by the judgment of the Legislature, and the courts will not inquire into the wisdom of its decision in establishing the period of legal bar, unless the time allowed is manifestly, so insufficient that the statute becomes a denial of justice.''

The Legislature could not pass a law that would cut off all remedy and deprive a party of his right of action.

''Statutes of limitation have to do, not with the obligation, but the remedy. They 'are to be applied to all cases thereafter brought, irrespective of when the cause of action arose, subject, of course, to the universally recognized rule that they cannot be used to cut off causes of action without leaving a reasonable time within which to assert them.' *Osborne* v. *Lindstrom,* 9 N. D. 1, 81 N.

W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516. The time cannot be pronounced unreasonable unless 'so short as under the circumstances to amount to a practical denial of the right itself.' " *Kozisek* v. *Brigham,* 169 Minn. 57, 210 N. W. 622, 49 A. L. R. 1260.

It is a general rule that statutes of limitation are to be applied to all cases thereafter brought without any regard to when the cause of action arose, subject, of course, to the rule that they cannot be used to cut off causes of action without reasonable time given in which to bring suits.

In construing statutes, it is the duty of the court to ascertain the intention of the Legislature. There does not appear to be anything in act 135 to indicate that it was the intention of the Legislature that it should apply only to causes of action that thereafter arose; but we think the act applies to all actions brought after the act became effective. The act provides that "hereafter all actions shall be commenced within three years after the cause of action accrues." Again, there is no emergency clause, and the Legislature, in passing the act without such a clause, thereby gave all parties 90 days in which to bring suits where the cause of action accrued before the effective date of the act. The suit, of course, brought after the passage of the act and before it became effective, would be under the law that existed prior to the passage of the act.

In the instant case the appellant had 90 days after the passage of the act in which to bring her suit, and whether 90 days was a reasonable time, was a question for the Legislature.

"It is established that a statute of limitations, because it relates to the remedy only, will apply to a cause of action existing at the time it is passed if sufficient time has been allowed between the passage of the act and the time for the new limitation to take effect to give opportunity to persons having such causes to bring their suits or actions." *Cunningham* v. *Commonwealth,* 278 Mass. 243, 180 N. E. 147.

"But the Legislature may reduce the period of limitation within which an existing cause of action may be

brought, if reasonable provision is made for opportunity to bring suit upon claims before they are barred, and the statute in question is applicable to rights previously vested, as well as to rights subsequently acquired." *Colby v. Shute,* 219 Mass. 211, 106 N. E. 1006; *Maloney v. Brackett,* 275 Mass. 479, 176 N. E. 604.

The complaint shows that on March 29, 1926, the operation was performed for gall stones and hernia; that seven or eight weeks after the operation appellant began to suffer pains in the region of the gall bladder; that this suffering continued constantly until March 26, 1936, when she had another operation. It was therefore practically ten years from the time of the operation by the appellee before she had the second operation, and, according to her own statement, she knew within seven or eight weeks after the first operation, as much as she knew ten years thereafter, when she had the second operation. She, of course, did not know that a gauze had been left, and that this was what caused the suffering, but she did know that something caused the suffering and that it continued constantly for ten years.

There is no allegation in the complaint that there was any fraudulent concealment by the appellee or any concealment at all. Appellant only claims that she did not discover what caused the pain and suffering until the second operation.

We think the cause of action was barred under act 135 of the Acts of 1935, and that the circuit court correctly sustained the demurrer.

The judgment is affirmed.