Hart, J.,
 

 dissenting. S. D. Stanson, Inc., and McDonald were bound by their contract to divide equally moneys earned, in such transactions as here involved, by the effort of McDonald as a real estate salesman for S. D. Stanson, Inc., during the year 1940. The court found that during that year S. D. Stanson, Inc., working through McDonald, was the procuring cause of a real estate transaction, the work upon which had been concluded so far as McDonald was concerned in 1940 while S. D. Stanson, Inc., was a licensed broker. The owner and McDonald’s prospect closed their deal on March 26, 1941. The real estate commission was paid by the owner to Scheetz, a Canton broker who by contract was entitled to one-half of the commission, and he immediately remitted the other one-half to McDonald.
 

 The majority statement of facts says: “McDonald admitted that if the commission had been earned during the time he was associated* with plaintiffs, one-half of the amount which he received from the broker Scheetz would have belonged to S. D. Stanson, Inc.” I am of the opinion that the commission was so earned during the year 1940. All that was ever done by McDonald and S. D. Stanson, Inc., relating to the consumma
 
 *201
 
 tion 'of the deal was done in 1940. Their right to the commission related hack to the efforts of McDonald, then already expended. Only the collection of the commission from the owner remained and the commission became dne and was paid in 1941.
 

 Although the cause of action in favor of the plaintiff did not fully accrue until the commission was paid to or collected by McDonald, which was at a time when S. D. Stanson, Inc., had no license, yet that element of the cause of action — service on the part of McDonald, constituting the effort which was the ultimate procuring cause of the sale and expended while S. D. Stan-son, Inc., was a licensed broker — accrued within the time covered by its license.
 

 The primary. purpose of Section 6373-48, General Code, is to require a real estate broker to be licensed when the transaction giving rise to his commission is effected. But the statute has a secondary purpose, and that is, to permit the broker to recover a commission if licensed when the service giving rise to the commission was performed, even though the recovery is sought after his license has expired. In other words, a current license is not necessary to recovery provided the broker was licensed when the commission was earned.
 

 To construe the statute to the effect that a commission earned must be collected before the broker’s license expires would permit a property owner to hold up his deal with a purchaser until the broker’s license had expired and then deny liability for commissions; or until the broker dies and then deny recovery to his estate. Such interpretation would permit a broker to delay the consummation of a sale until the license of his cobroker expired, deny the latter a recovery grul thus permit unjust enrichment. Clearly, a denial of plaintiff’s right to recover accomplishes unjust enrichment in the instant case.
 

 
 *202
 
 In my opinion, such a construction of the statute gives it an unconstitutional operatioxi resulting in a denial of due process and equal protection of the law. The statutory requirement that “no right of action shall accrue * * * without * * * proving that such person * * * was duly licexised as a real estate broker * * * at the time the cause of action arose” must, to meet constitutional requirements, be construed to mean that no right' of action shall accrue unless the broker was licensed at the time the commission was earned. A valid limitation of action may operate on a cause of action only after it accrues; such limitation cannot operate to extinguish and defeat a legal right or interest before it ripens into a cause of action. It is not within the power of the state to take away all remedy in the enforcement of a right.
 
 Steele
 
 v.
 
 Gann,
 
 197 Ark., 480, 123 S. W. (2d), 520, 120 A. L. R., 754;
 
 Bd. of Edn. Normal School Dist.
 
 v.
 
 Blodgett,
 
 155 Ill., 441, 40 N. E., 1025, 46 Am. St. Rep., 348, 31 L. R. A., 70.
 

 Furthermore, I axn of opinioxx that Sectioxx 6373-48, General Code, relates solely to the cause of action agaixist the property owner for the broker’s commission. The statute was exxacted for the protection of the property owner, xiot for the protection of cobrokers
 
 inter sese.
 

 I agree that there is no liability on the part of the bonding company.
 

 Bell, J., concurs in the foregoing dissenting opinion.