## PARTIN v. WADE.

No. 13725.

United States Court of Appeals Eighth Circuit.

Jan. 18, 1949.

L. E. Gwinn, Wils Davis and Earl P. Davis, all of Memphis, Tenn., for appellant.

C. E. Daggett, of Marianna, Ark., and Wootton, Land & Matthews and James L. Byrd, all of Hot Springs, Ark., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The federal district court in Arkansas had jurisdiction of this case by reason of diversity of citizenship and amount involved.

The appellant, who was the plaintiff below, had brought an action against the same defendant, a physician, in the same court on December 11, 1945, for damages for personal injuries resulting to her from defendant's alleged malpractice occurring within two years, to-wit, on December 14, 1943, but she took a nonsuit in that action on March 25, 1946. On March 19, 1947, more than two years after the alleged malpractice and less than one year after the non-suit, she commenced the present action in ordinary form against defendant for damages for the personal injuries resulting to her from the same alleged malpractice. The defendant by answer filed May 24, 1947, joined issue upon the allegations against him in the new complaint and incorporated in his answer a motion to dismiss the complaint on the ground that it showed on its face that it was barred under Arkansas law. Whereupon, on July 23, 1947, the plaintiff by "order of court permitting amendment", amended her complaint by adding thereto the allegations that "the action of the defendant complained of took place on or about December 14, 1943; that she heretofore instituted civil action No. 222 in this court on December 11, 1945, reference being here made to said proceeding. Plaintiff took a nonsuit in that said action on March 25, 1946, and under Arkansas Code, Section

8947, she may commence a new action within one year after such nonsuit."

On August 4, 1947, after said amendment to the complaint, the defendant filed his motion to dismiss the "complaint as amended" on the ground that as shown on its face "the complaint as amended" was "barred by Section 8957 of Pope's Digest of the laws of Arkansas as amended by Act 58 of the Acts of Arkansas of 1945 providing that all actions for malpractice shall be commenced within two (2) years after the cause of action accrues, and not thereafter."

On hearing of that motion the court sustained it and dismissed the case. The plaintiff in the action has appealed.

### Opinion.

Appellant insists that as she brought her original action within two years of the occurrence of defendant's alleged malpractice and filed this new complaint against him in the same court on the same cause of action within one year after she had suffered nonsuit in the original action, her right to bring and maintain this action was fully preserved to her by Section 8947, Pope's Digest, which provides:

"If any action shall be commenced within the time respectively prescribed * * * and the plaintiff therein suffer a nonsuit * * * such plaintiff may commence a new action within one year after such nonsuit suffered."

She also insists that her amendment to her complaint related back to the date of the complaint under Rule 15(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

The defendant did not contend below and does not contend here that the Arkansas statute of limitations fixing the time within which actions of tort for malpractice may be commenced is now other than two years. Prior to 1945 it was three years. The statute reads that "all actions of * * * tort for malpractice * * * shall be commenced within two years after the cause of action accrues."[1] It is also con-

---

[1] Pope's Digest, Section 8957. "Actions for mal-practice. Hereafter all actions of contract or tort for mal-practice, error, mistake, or failure to treat or cure, against physicians, surgeons, dentists, hospitals, and sanitaria, shall be commenced within three years after the cause of action accrues. The time of the accrual of the cause of action shall be date of the wrongful act complained of and no other time."

Act 58, Acts of Arkansas 1945. "Actions for Malpractice. Hereafter all actions of contract or tort for malpractice,

ceded, as it must be, that when such an action has been timely brought and nonsuit has been suffered by the plaintiff therein "such plaintiff may commence a new action within one year after such nonsuit suffered * * *." The Arkansas statute explicitly so provides.[2]

. Rule 15(c), R.C.P. relates all amendments arising out of the same occurrence attempted to be set forth in the original pleading back to the date of the original pleading.[3]

■ But appellee argues that, notwithstanding these admittedly valid and relevant statutes and the Rule, the plaintiff's right to maintain her action for damages for defendant's malpractice was not preserved to her in this case and that she lost it because the facts appearing of record in the same court which justified her bringing her new action within one year after her nonsuit, were not pleaded by her when she first filed her new complaint or within the year after she suffered the nonsuit. Though this contention is greatly elaborated in the brief, it is essentially based on the assumption that plaintiff's cause of action was created by the statutes fixing and extending the periods of limitation within which she could sue upon it, and therefore the limitation in each statute is a limitation of the liability so created and not of the remedy alone. But the contention appears to be without merit. Actions for damages for malpractice in Arkansas are not actions created by statutes of the state. Those statutes have merely fixed the time in which action must be taken to enforce liability which they recognize as already existing.

The plain words of Sections 8947, and 8957, as amended by Act 58, Acts of Arkansas 1945, admit of no other construction and the title to the three year statute of limitations as we find it in the decision of the Arkansas Supreme Court in Steele v. Gann, 197 Ark. 480, 123 S.W.2d 520, 522, 120 A.L.R. 754, accentuates it. It reads: "An Act to Provide a Definite Statute of Limitations Relative to All Actions of Contract or Tort Arising Out of Mal-practice of Physicians * * *." Acts 1935, Act No. 135. The later two year statute simply reduces the period of limitation from three years to two years and substitutes the word "date" for the word "time."

Steele v. Gann presented to the Arkansas court whatever question there might have been as to the character of the three year statute and the decision indicates that it is simply a statute of limitations and in no sense one creating the right to sue physicians for malpractice. The present two year statute is indistinguishable in this respect.

---

error, mistake, or failure to treat or cure, against physicians, surgeons, dentists, hospitals, and sanitaria, shall be commenced within two years after the cause of action accrues. The date of the accrual of the cause of action shall be date of the wrongful act complained of, and no other time."

[2] Pope's Digest, Section 8947. "New suit after nonsuit. If any action shall be commenced within the time respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, or after a verdict for him the judgment be arrested, or after judgment for him the same be reversed on appeal or writ of error, such plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed. * * *"

This section appears as Section 21, Chapter 91 of an Act approved March 3, 1838, prescribing its period of limitation for suits thereafter brought in Arkansas. Section 21 reads:

"Sec. 21. If any action shall be commenced within the times respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or after judgment for him, the same be reversed on appeal or writ of error, such plaintiff may commence a new action, from time to time, within one year after such nonsuit suffered, or judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff."

[3] Rule 15(c) R.C.P. "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

█ Likewise the words of section 8947 preclude ascribing to it any intent or purpose other than to allow a period of one year within which a plaintiff may bring a new suit after he has suffered a nonsuit in one theretofore brought on the same cause of action. It is manifestly remedial and to be liberally construed to prevent the loss of a cause of action by plaintiffs suffering nonsuits in actions brought by them.[4] It cannot be classed with statutes which create a new liability and a procedure to enforce it unknown to the common law and fix a time for the steps to be taken to avail of it. It simply qualifies as to time and nothing else the statute of limitations applicable to actions whose prosecution has been interrupted by nonsuit.

█ Appellee also contends that Rule 15(c) R.C.P. did not operate to relate plaintiff's amendment, setting forth the facts of record in the same court which extended her time to sue on her cause of action, "back to the date of the original pleading." But we find nothing of substance to support the contention. Section 8947 which extended plaintiff's time to sue for one year beyond the date when she suffered nonsuit in her first action contains no regulations concerning pleadings and certainly our rules govern generally in civil actions in our federal courts. The plaintiff here filed her amended complaint in response to the defendant's motion presenting, or at least attempting to present, his defense that her action was barred by lapse of time. For aught that appears she might have set up the facts on account of which her action was not so barred by way of reply. She undoubtedly had the right to maintain her second action at the time she brought it. If she did not set up all the facts showing her right in the complaint as she first filed it, the allegations she added by amendment not presenting any new or different cause of action must be related back. The original complaint together with amendment plainly present a cause of action upon which the plaintiff was entitled to a trial.

█ A further contention for appellee questions the sufficiency of the allegations of the amendment to entitle plaintiff to the extension of time after nonsuit accorded by Section 8947. The amendment shows the bringing of an original suit in the same court identified by date and docket number on the same cause of action complained of in the present suit, the taking of a nonsuit in that case at a specified date and the commencement of the new action within the period allowed by the statute and contains the allegation that "under Arkansas Code, Section 8947, she may commence a new action within one year after such nonsuit." It was clearly sufficient as against demurrer. Rules 8(f), 10(c), R.C.P.

A fourth contention relates to the trial court's discretionary power to refuse the amendment, but the amendment was allowed by the court and the motion to dismiss which was sustained was directed against the "complaint as amended."

We are convinced that the plaintiff's right to a trial upon the cause of action presented by her complaint as amended was preserved to her by the plain and unambiguous provisions of the statutes and Rule. Careful consideration of all the citations and arguments presented for appellee has raised no doubt of the court's duty to apply those provisions and to accord the plaintiff a trial. We are convinced that the judgment dismissing plaintiff's action was erroneous. The judgment is therefore,

Reversed and the cause remanded for trial in accordance herewith.

---

[4] "A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial, and should be liberally construed in furtherance of its purpose, to afford litigants a hearing on the merits, and is not to be frittered away by any narrow construction; * * *." 54 C.J.S., Limitations of Actions, § 287(b) page 347.