## Nylan W. COLEMAN et ux *v.* Nolan B. YOUNG

74-55                                    510 S.W. 2d 877

### Opinion delivered July 17, 1974
[Rehearing denied July 22, 1974.]

*Frierson & Walker,* by: *Gary E. Johnston,* for appellants.

*Hale, Fogleman & Rogers,* for appellee.

LYLE BROWN, Justice. Appellants' tort action was dismissed on the theory that it was barred by the three year statute of limitations, Ark. Stat. Ann. § 37-206 (Repl. 1962). Appellants had first filed suit in federal district court, took a nonsuit and refiled in state court. Appellants contend they had a right to refile within one year from the dismissal of the federal court action, relying on the "saving statute" incorporated in Ark. Stat. Ann. § 37-222 (Repl. 1962).

The suit arose from an automobile collision which occurred in Crittenden County on December 10, 1969. Suit was filed in federal district court in Arkansas on December 5, 1972, based on alleged diversity of citizenship. On the day suit was filed summons was placed in the hands of the United States Marshal. The summons called for service by certified

mail on the defendant at an address in West Point, Mississippi.

A motion to dismiss for want of diversity of citizenship was filed by defendant-appellee. From the pleadings and uncontroverted affidavits it appears certain appellee was at the time of the collision a resident of Mississippi; however, he moved to Blytheville, Arkansas, and had been living there for more than a year at the time the suit was filed in federal court. In that situation the plaintiff-appellant moved for and was granted a dismissal without prejudice on March 12, 1973. Then on April 5, 1973, the action was refiled in the Circuit Court of Crittenden County, and service of summons was had the same month.

The defendant-appellee moved for dismissal on the theory the action was barred by the three year statute of limitations, § 37-206 *supra*. Appellee successfully advanced in the trial court a two-fold theory to support his motion for dismissal. First, he argued that since there was no diversity of citizenship at the time the suit was filed in federal court, the filing thereof did not toll the statute. He deduces that no suit was legally commenced because the complaint was not filed in the office of the clerk of the proper court, citing Ark. Stat. Ann. § 27-301 (Repl. 1962). That section provides that "A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons of the proper county or counties". Second, he argues that summons was not placed in the hands of the proper officer as required by § 27-301. He points out that summons was given to the United States Marshal, that officer having no legal authority to perfect service because appellee was not a resident of Mississippi.

Appellee concedes we have cases which "seem to stand for the proposition that actions dismissed for lack of jurisdiction of the subject matter can be refiled within the period of the saving statute". We conclude that those cases are in fact controlling here and that appellee cannot prevail.

The "saving statute" with which we are concerned provides, among other things, that after commencing an action the plaintiff can take a nonsuit and commence a new ac-

tion within one year after the nonsuit. Sec. 37-222 *supra*. This court was faced with the same problem as is now before us in the early case of *L.R., M.R. & T. Ry.* v. *Manees,* 49 Ark. 248, 4 S.W. 778 (1887). In that case the original judgment was rendered by a court which had no jurisdiction over the action. It was held that the suit could be refiled within the one year limitation period even though it was after the expiration of the regular time for filing the suit. *Manees* has been cited with approval in *K.C. So. Ry. Co.* v. *Akin,* 138 Ark. 10, 210 S.W. 350 (1919); *Norm Company* v. *Harris,* 197 Ark. 124, 122 S.W. 2d 532 (1938); and *Casey* v. *Burdine,* 214 Ark. 680, 217 S.W. 2d 613 (1949). *Manees* points out that the statute should be given a liberal and equitable construction to secure that class of litigants who, "from causes incident to the administration of the law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action yet undetermined, by giving them a reasonable time in which to renew such action".

Reversed and remanded.

FOGLEMAN, J., not participating.