**Pauline Clark WHITTLE, Appellant,**

v.

**Delter WISEMAN, Individually and in his official capacity; and Mary Lawhorne, Individually and in her official capacity, Appellees.**

No. 81–1935.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1982.

Decided April 16, 1982.

Christopher E. Rand, Hot Springs, Ark., for appellant.

Steve Clark, Atty. Gen. by David L. Williams, Deputy Atty. Gen., Little Rock, Ark., for appellees.

Before BRIGHT, HENLEY and JOHN R. GIBSON, Circuit Judges.

HENLEY, Circuit Judge.

Plaintiff appeals the dismissal of her employment discrimination claim brought pursuant to 42 U.S.C. § 1983 and § 1985. We vacate and remand.

Plaintiff filed her original complaint on February 23, 1979, alleging that she had been unconstitutionally discharged on June 27, 1977 from her position as a registered nurse at the Hot Springs Rehabilitation Center because of her involvement with a patient during her off-duty hours. This first complaint was dismissed without prejudice on December 9, 1980 for failure to prosecute. Plaintiff refiled her suit on June 29, 1981. The trial court granted defendants' motion to dismiss on the ground that plaintiff's second action was barred by the applicable three-year statute of limitations, Ark.Stat.Ann. § 37–206. Plaintiff contends that her action, although refiled more than three years after her discharge, is "saved" by Ark.Stat.Ann. § 37–222, which provides that if an action has been commenced within the statutory time limit and is dismissed without prejudice, the plaintiff may commence a new action within one year after such dismissal. *See Coleman v. Young*, 256 Ark. 759, 510 S.W.2d 877 (1974).

Because § 1983 does not contain its own statute of limitations, the general rule is to apply the state statute of limitations governing actions most analogous to the claim being asserted. *Garmon v. Foust*, 668 F.2d

400, 402–03 (8th Cir. 1982). In Arkansas, as noted by the district court, § 1983 claims have been held subject to the three-year limitation found in Ark.Stat.Ann § 37–206. *See Clark v. Mann*, 562 F.2d 1104, 1111–12 (8th Cir. 1977). The district court correctly recognized that this three-year period was not tolled while plaintiff's first action was pending. *See Curtis v. United Transportation Union*, 648 F.2d 492, 494 (8th Cir. 1981). However, we have not heretofore held, as we now do, that in applying § 37–206 to civil rights actions, we recognize decisions of the Arkansas Supreme Court regarding the applicability of the saving statute to claims subject to the three-year limitation as we have in contexts other than civil rights litigation. *See Cummings v. Greif Bros. Cooperage Co.*, 202 F.2d 824, 828 (8th Cir. 1953); *Partin v. Wade*, 172 F.2d 50, 53 (8th Cir. 1949); *Smithey v. St. Louis Southwestern Railway Co.*, 127 F.Supp. 210, 213 (E.D.Ark.1955), *aff'd*, 237 F.2d 637 (1956).

The district court did not address this issue, and it is not clear that the relevant Arkansas cases applying saving statutes were brought to that court's attention. *See Coleman v. Young, supra; Jernigan v. Pfeifer Bros.*, 177 Ark. 145, 5 S.W.2d 941 (1928). In the absence of a district court ruling regarding the effect of the Arkansas saving statute on plaintiff's refiled action, we are unwilling to make that determination de novo. Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.