Carla Blakemore CARTON *v.* MISSOURI PACIFIC
RAILROAD COMPANY

87-262                                   747 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered March 28, 1988
[Rehearing denied April 25, 1988.]

*J.R. Nash*, for appellant.

*Herschel H. Friday*, and *Elizabeth J. Robben*, for appellee.

JACK HOLT, JR., Chief Justice. The principal issue in this case is whether the White County Circuit Court, in dismissing appellant Carla Blakemore Carton's complaint, erred in holding that she was not entitled to the benefits of Ark. Code Ann. § 16-56-126 (1987) [formerly Ark. Stat. Ann. § 37-222 (Supp. 1985), and commonly referred to as the "saving statute"] in the refiling of her lawsuit, which had been dismissed on two previous occasions. We find the statute does protect Carton, and we reverse and remand for trial.

On November 25, 1981, Carton filed a tort suit in the United States District Court for the Eastern District of Arkansas, Western Division, seeking recovery for injuries allegedly sustained on January 4, 1979, in Missouri Pacific's North Little Rock terminal. Carton asked for and obtained a voluntary nonsuit on February 23, 1984.

On April 17, 1984, she refiled her complaint in the same court. On July 16, 1985, the court, on motion of the defendant, dismissed the suit with prejudice for lack of diversity finding that she was not a citizen of Arkansas at the time that she had filed either complaint. The court also found that she had fraudulently attempted to manufacture diversity jurisdiction, and therefore was not entitled to the benefits of Ark. Code Ann. § 16-56-126. The Eighth Circuit Court of Appeals affirmed the dismissal based upon lack of diversity, however, it directed the district court to enter a dismissal without prejudice. The district court entered this order on February 19, 1987.

On April 23, 1987, Carton refiled the suit in the Circuit Court of White County. Missouri Pacific filed a motion to dismiss on the grounds that Carton's claim was barred by the statute of limitations. The circuit court granted this motion finding that the claim was barred by the three year statute of limitations provided for in Ark. Code Ann. § 16-56-105 (1987), formerly Ark. Stat. Ann. § 37-206 (Repl. 1962), and that Carton's claim was not "saved" from the statute of limitations by the terms of Ark. Code

Ann. § 16-56-126. In addition, the court held that Ark. R. Civ. P. 41(a) required that the second dismissal in federal district court be treated as an adjudication on the merits, which barred Carton from further litigation of her claim. Carton contends that the court erred in both its findings.

■ We first address the Rule 41(a) issue. In its brief on appeal, Missouri Pacific concedes that the circuit court erred in holding that the dismissal of Carton's second complaint in federal court for lack of subject matter jurisdiction operated as an adjudication on the merits under Rule 41(a). We agree. The circuit court's ruling was incorrect. In *Cory* v. *Mark Twain Life Ins. Co.*, 286 Ark. 20, 688 S.W.2d 934 (1985), we held that where one of two dismissals is on the motion of the defendant and not the plaintiff, as in the instant case, Rule 41(a) is not applicable.

Carton also contends that the court erred in holding that she was not entitled to the benefits of Ark. Code Ann. § 16-56-126 (1987). This statute provides in pertinent part as follows:

> If any action is commenced within the time respectively prescribed in this act, in §§ 16-116-101—16-116-107, in §§ 16-114-201—16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him the judgment is arrested, or after judgment for him the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed. . . .

■■ Ark. Code Ann. § 16-56-126 permits a plaintiff, who commences a suit within the applicable statute of limitations, which is subsequently dismissed for lack of subject matter jurisdiction, to refile the same action within the period of the "saving statute." *See Coleman* v. *Young*, 256 Ark. 759, 510 S.W.2d 877 (1974). For the purposes of the statute, a dismissal of a complaint on defendant's motion is the same as a nonsuit. *Norm Co.* v. *Harris*, 197 Ark. 124, 122 S.W.2d 532 (1938). *See also Lubin* v. *Crittenden Memorial Hospital*, 288 Ark. 370, 705 S.W.2d 872 (1986); *State Bank* v. *Magness*, 11 Ark. 343 (1850).

■ On November 25, 1981, Carton commenced the present tort action in federal district court within the applicable

three year statute of limitations of Ark. Code Ann. § 16-56-105. After taking a nonsuit, she refiled the suit in district court within one year, as required by § 16-56-126. The second action was dismissed on motion of the defendant without prejudice. Since she commenced the present suit in White County Circuit Court within one year of the second dismissal without prejudice, she is entitled to receive the benefits of § 16-56-126 and continue her lawsuit. Accordingly, the trial court erred in dismissing her complaint.

██ Missouri Pacific asserts that Carton should not be allowed to take advantage of the "saving statute" because she fraudulently attempted to manufacture diversity jurisdiction in district court by misrepresenting her citizenship. Since there is no evidence of misrepresentation in the record, absent the district court's findings, we do not consider this argument. Because the district court was without subject matter jurisdiction, its judgment is without validity and has no force as evidence. *Mitchell* v. *Village Drainage Dist.*, 158 F.2d 475 (8th Cir. 1946); *see also Greenstreet* v. *Thornton*, 60 Ark. 369, 30 S.W. 347 (1895). If the court's judgment has no force as evidence, it necessarily follows that its findings have no evidentiary value.

Reversed and remanded.