Mr. J. C. Whisnant, Chairman Arkansas Real Estate Commission 612 Summit Street Little Rock, Arkansas 72201-4740
Dear Mr. Whisnant:
This is in response to your request for an opinion concerning Act 59 of 1989, which is codified at A.C.A. 17-35-310 (h) (Supp. 1989). The act amends a section of the statutes dealing with the licensure and regulation of real estate brokers and salesmen. Specifically, 17-35-310 sets out the procedure for denial, suspension, or revocation of licenses granted under that chapter. Act 59 of 1989 1, which added a new section (h) to the statute, reads as follows:
 Except in cases where a licensee has obtained a license by false or fraudulent representation, the commission shall not investigate the actions of, or conduct any disciplinary hearing regarding, any real estate broker or salesman unless the complaint is filed or the investigation initiated within three (3) years from the date of the action complained of or concerning which an investigation is initiated.
You have posed three questions relative to this act which will be restated and answered below in the order in which they were posed.
Your first question is as follows:
 Whether Act 59 of 1989, A.C.A. Sec. 17-35-310 (h), which provides for a three year limitations period, applies retroactively to cases which occurred prior to the effective date of the act or prospectively only to cases arising after that date?
It is my opinion that the act will apply to causes of action which arose before the effective date of the act, but which were not filed until after the effective date of the act.
Some explanation is necessary. In construing statutes, it is the duty of the court to ascertain the intention of the legislature. Steel v. Gann, 197 Ark. 480, 123 S.W.2d 520
(1939). Therefore, the first place we must look to determine whether Act 59 is to have "retroactive" effect is the statute itself. If an intention is clearly expressed that the act be either retroactive or prospective only, that intention will be given effect. We cannot, however, glean any satisfying evidence of legislative intent from the language of the act set out above. It simply does not speak to whether the statute is to have retroactive or prospective effect. This being the case, we must look to applicable rules of statutory construction and to relevant Arkansas case law to determine to which types of cases the new act will apply.
Cases are legion in Arkansas for the proposition that statutes dealing with matters of substance rather than procedure are presumed to be non-retroactive. See e.g., Huffman v. Dawkins, 273 Ark. 520, 622 S.W.2d 159 (1981). Procedural statutes, on the other hand, operate retroactively as well as prospectively. Ward v. Davis, 298 Ark. 48,765 S.W.2d 5 (1989). Whether a statute imposing a statute of limitation is substantive rather than procedural is a question we need not address in this general a context, because we have the benefit of specific case law concerning the application of new statutes of limitation.
It has been held that:
 It is a general rule that statutes of limitation are to be applied to all cases thereafter brought without any regard to when the cause of action arose, subject, of course, to the rule that they cannot be used to cut off causes of action without reasonable time given in which to bring suits.
Steele, supra at 485
It has also been noted that:
 It is . . . recognized that the General Assembly may reduce the period of limitation even as to an existing cause of action, so long as a reasonable time is allowed between the passage of its act and the time the new act takes effect for the bringing of such actions.
Morton v. Tullgren, 263 Ark. 69, 563 S.W.2d 422 (1978) at 74. See also, Tipton v. Smythe, 78 Ark. 392, 94 S.W. 678 (1906).
The court in Steele, supra, found that there was a ninety day period between the date the act in question was passed, and the date that the act became effective, and the question of whether this time period was a reasonable one was for the legislature. Similarly, the court in Thomas v. Service Finance Corp., 293 Ark. 190, 736 S.W.2d 3 (1987) upheld a statute which effectively granted a one-hundred and four day period within which to file a claim.
Act 59 of 1989 was passed without an emergency clause. Acts passed without emergency clauses do not become effective until ninety days after the adjournment of the session of the General Assembly at which they were enacted. Gentry v. Harrison, 194 Ark. 916, 110 S.W.2d 497 (1937); Fulkerson v. Refunding Bd.' 201 Ark. 957, 147 S.W.2d 980 (1940). Adjournment of the 77th Arkansas General Assembly was on April 3, 1989. Thus, Act 59 became effective on July 3, 1989. See generally Opinion no. 89-078. The act was passed on February 14, 1989. Persons wishing to file complaints with the Board complaining of conduct which would fall outside the statutory period thus had one-hundred and thirty eight days within which to file a complaint. It is thus my opinion that the "general rule that statutes of limitation are to be applied to all cases thereafter brought" (see Steele, supra) applies in this instance. Under the act, a complaint must be filed, or an investigation initiated, within three years from the date of the action constituting the grounds of the complaint. Persons wishing to file complaints with the Commission based upon facts which arose outside this statutory period should have done so in the one-hundred and thirty nine day period discussed above. After the effective date of the act, these actions are barred.
Your second question is as follows:
 Whether Act 59 creates a defense available to a licensee or limits the jurisdiction of the Commission to initiate an investigation or hearing?
It is my opinion, based upon the language of the act, that Act 59 was intended to limit the Commission's jurisdiction over such cases. Your question inquires as to whether the Commission's jurisdiction is limited by the act, or whether it merely creates a defense for a licensee. Presumably, in the latter instance, the defense could be waived. See generally Boone County v. Skinner-Kennedy Stationary Co.,191 Ark. 329, 86 S.W.2d 18 (1935), and W.U. Tel. Co. v. State,82 Ark. 309, 101 S.W. 748 (1907). It is my opinion that the language of Act 59 would prohibit the waiver of the limitations period. The act clearly states that "the commission shall not investigate . . . or conduct any disciplinary hearing" outside the statutory period. If, in my opinion, the Commission were to entertain a proceeding in which the statute of limitations was "waived" as a defense, it would be acting contrary to law. While it has been held as a general rule that a statute of limitations does not affect the jurisdiction of a court, (see Kimberly v. DeWitt,606 P.2d 612 (Okla.App. 1980), it has also been held that under the language of some statutes the court is divested of jurisdiction. Gale v. Great Southwestern Exploration,599 F. Supp. 55 (N.D.Okla. 1984).
Your third question is as follows:
 Whether the limitation, provided for in Act 59, is tolled by the active concealment of the existence of the grounds for the complaint/investigation?
It is my opinion that if, as a matter of fact, it can be proven that there was active concealment of the existence of the grounds for the complaint, this fact may toll the statute of limitations.
It has been stated that:
 [a]ffirmative action on the part of the person charged with fraud to conceal a plaintiff's cause of action will toll the running of the statute of limitations. . . . Fraud does suspend the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence.
Hughes v. McCann, 13 Ark. App. 28, 678 S.W.2d 784 (1984) at 31-32.
It has also been held that:
 Lack of knowledge of a cause of action does not stop the statute of limitations from running unless there has been fraud or concealment by the person invoking the defense of limitations or if the statute is otherwise tolled.
Courtney v. First Nat'l Bank, 300 Ark. 498, 780 S.W.2d 536
(1989) at 501.
Finally, it was noted in Dupree v. Twin City Bank,300 Ark. 188, 777 S.W.2d 856 (1989) that "[a]s to fraud or misrepresentation, mere ignorance of one's rights does not prevent the running of the statute of limitations or laches, unless such ignorance is due to fraudulent concealment or misrepresentation on the part of those invoking the benefit of the statute." 300 Ark. at 191.
It is thus my opinion that active concealment or fraud, if it can be proven, does in most cases suspend the statute of limitations. Whether this common law "tolling" doctrine would be applicable in a regulatory proceeding appears to be a novel question. The language of Act 59 does not provide for it, but neither does the language of most other statutes of limitations to which the doctrine is applicable. At first blush it may appear that the reason for the doctrine would not be as compelling in a regulatory proceeding, because in an ordinary civil action, there is usually a plaintiff who has been wronged, and who has a strong financial need to bring his cause of action to fruition. This being the case, the courts have recognized an exception to the statute of limitations in cases where fraudulent or active concealment of the cause of action has occurred. In many administrative proceedings where the revocation or suspension of a professional license is in issue, such may not be the case. It appears that in this particular instance, however, wronged individuals may file complaints and ultimately week reimbursement for these wrongs from the "Real Estate Recovery Fund." See A.C.A. 17-35-406. This fact may weigh in favor of the application of the "tolling" doctrine.
Whether this doctrine is applicable in proceedings brought under 17-35-310 and whether the Commission has authority to apply it in an administrative hearing, is a question which can only be answered definitely by a court upon an appeal of a Commission decision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] Of course, the act will also apply to causes of action accruing after the effective date of the act.
[2] We should note, however, that as a general rule, statutes of limitation relate to the remedy only, (see Steele, supra) and thus are generally procedural in nature. See also Sutherland On Statutory Construction, 41.09 at 396.
[3] Application of the "tolling" doctrine, however, may run contrary to the mandatory language of the Act which provides that the Commission "shall not investigate or conduct any investigatory hearing" outside the statutory period.