The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, AR 71762-0052
Dear Representative Newman:
This is in response to your request for an opinion regarding Act 1007 of 1991, which is codified at A.C.A. §§ 8-6-211 and -212 (Cum. Supp. 1991). The act amends a section of the Solid Waste Management Act to allow the collection by cities and counties of fees and service charges for solid waste collection and disposal services by entering such fees and service charges on personal property tax bills and collecting the same at the time of collecting personal property taxes. You have posed the following question in this regard:
 Are the provisions of Act 1007 retroactive, i.e.,
can a city or county enter on the 1992 or subsequent tax bills and collect solid waste collection fees and service charges that were due or delinquent prior to the effective date of Act 1007 or can this procedure be used only to collect those fees and service charges coming due after the effective date of Act 1007?
For the following reasons, it is my opinion that Act 1007 of 1991 was not intended to apply retroactively.
In construing statutes, it is the duty of the court to ascertain the intention of the legislature. Steele v. Gann, 197 Ark. 480,123 S.W.2d 520 (1939). Therefore, the first place we must look to determine whether Act 1007 is to have retroactive effect is the statute itself. If an intention is clearly expressed that the act be either retroactive or prospective only, that intention will be given effect. We cannot, however, glean any satisfying evidence of legislative intent from the language of Act 1007. It simply does not speak to whether the statute is to have retroactive or prospective effect. This being the case, we must look to applicable rules of statutory construction and to relevant Arkansas case law to determine to which types of cases the new act will apply.
Legislative enactments will ordinarily be deemed to apply prospectively only, unless the intent for retroactive application is clearly expressed or necessarily implied. See e.g.,Arkansas Rural Med. Prac. Student Loan Scholarship Bd. v.Luter, 292 Ark. 259, 729 S.W.2d 402 (1987); Abrego v. UnitedPeoples Fed. Sav. Loan, 281 Ark. 308, 664 S.W.2d 858 (1984). The presumption against retroactive application of a legislative act also indicates that legislation will not be construed as retroactive when it may reasonably be construed otherwise. Lucasv. Handcock, Adm'x., 266 Ark. 142, 583 S.W.2d 491 (1979). Other rules of statutory construction indicate the presumption that statutes affecting substantive matters apply prospectively only, unless a contrary intent is clearly expressed. Huffman v.Dawkins, 273 Ark. 520, 622 S.W.2d 159 (1981). These rules apply especially with reference to amendatory acts. In SutherlandStatutory Construction, Vol. 1A, 200, § 22.36, the author states:
 In determining the effect of an amendatory act on transactions and events completed prior to its enactment, it is necessary to distinguish between provisions added to the original act by the amendment, provisions of the original act repealed by the amendment, and provisions of the original act reenacted thereby. In accordance with the rule applicable to original acts, it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively. Provisions added by the amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment unless the legislature has expressed its intent to that effect or such intent is clearly implied by the language of the amendment or by the circumstances surrounding its enactment.
Lucas v. Handcock, Adm'x., supra.
A review of the 1991 amendment to the Solid Waste Management Act indicates that Act 1007 is not given retroactive effect. There is no language from which a legislative intention that the act should have retroactive effect can be implied. Accordingly, it is my opinion that the act does not apply retroactively such that fees and service charges can be assessed and collected for delinquencies prior to the effective date of Act 1007.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SD:cyh