# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1053

_____

James Miller,                                  *
                                               *
       Appellant,                       *
                                               *
   v.                                       *
                                               *
Larry Norris, Director, Arkansas               *
Department of Correction; Marvin               *   Appeal from the United States
Evans, Warden, Brickeys Unit,                  *   District Court for the Eastern
Arkansas Department of Correction;             *   District of Arkansas.
M. Williams, Shift Captain, Brickeys           *
Unit, Arkansas Department of                   *
Correction; Billy Taylor, Lt., Brickeys        *
Unit, Arkansas Department of                   *
Correction; Shernell Wade, Guard,              *
Brickeys Unit, Arkansas Department             *
of Correction; Lanell Jefferson, Guard,        *
Brickeys Unit, Arkansas Department             *
of Correction,                                 *
                                               *
       Appellees.                       *

_____

Submitted:  January 8, 2001

Filed:  April 12, 2001

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and ALSOP, District Judge.[1]

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In January, 1996, while James Miller was incarcerated in the Arkansas Department of Correction (ADC), he was stabbed by another inmate. He thereafter completed his state prison term and was incarcerated in federal prison for another crime. While in federal prison, Mr. Miller, acting *pro se*, filed a civil rights action, *see* 42 U.S.C. § 1983, against six ADC employees alleging, *inter alia*, that at the time of the stabbing they violated his constitutional rights by being deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Upon the defendants' motion, the magistrate judge, sitting by consent of the parties, *see* 28 U.S.C.§ 636(c)(1), *see also* Fed. R. Civ. P. 73(a), dismissed the original action without prejudice based on Mr. Miller's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 (PLRA), *see* 42 U.S.C. § 1997e(a). Mr. Miller did not appeal the dismissal.

Approximately two months later, Mr. Miller filed in the same civil action a motion to compel the ADC to provide him with grievance forms. In that motion, he alleged that in response to the dismissal of his § 1983 action, he had written to the ADC requesting administrative forms for filing a grievance but that the ADC did not respond, and that his mother had also attempted without success to obtain the forms for him. About two weeks after filing the motion to compel, Mr. Miller, still acting *pro se*, filed in the same proceeding a document titled "Motion to Reinstate Cause," arguing that by failing to respond to the requests for grievance forms, the ADC prevented him

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

from exhausting his administrative remedies. As exhibits to the motion, he attached a letter to the ADC and a signed return receipt for certified mail.

Mr. Miller contended in his motion that under the circumstances the court should not require exhaustion and should "reinstate" his § 1983 action. The magistrate judge entered an order denying the motion to reinstate, and Mr. Miller appeals that order. We vacate the order and remand to the district court for further proceedings.

## I.

We address, first, the nature of Mr. Miller's "Motion to Reinstate Cause." We note that the federal rules do not provide specifically for such a motion, and that the text of Mr. Miller's motion does not cite any procedural rule. By filing this motion Mr. Miller sought to pursue his § 1983 action again, this time based on allegations that after the first dismissal the ADC prevented him from exhausting his remedies. By moving to reinstate, Mr. Miller may have mistakenly treated the dismissed action as if it were stayed, since prisoners' § 1983 actions were stayed pending exhaustion prior to passage of the PLRA. *See Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). We do not believe, however, that such a mistake is fatal. We construe his *pro se* "Motion to Reinstate Cause" liberally in favor of Mr. Miller, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), and we conclude that the motion should have been treated as initiating a new civil action on the date that it was filed.

We note that Arkansas's three-year personal injury statute of limitations, *see* Ark. Code Ann. § 16-56-105(3), applies to this § 1983 action filed in Arkansas, *see Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992), and that Mr. Miller's motion to reinstate was filed more than three years after he was stabbed. The question arises, then, whether Mr. Miller's action is time-barred.

We conclude that it is not. Arkansas has a so-called saving statute, which provides that "[i]f any action is commenced within the time ... prescribed ... and the

-3-

plaintiff therein suffers a nonsuit ... the plaintiff may commence a new action within (1) one year after the nonsuit," *see* Ark. Code Ann. § 16-56-126. The saving statute, along with Arkansas Supreme Court interpretations of that statute, is considered when determining whether a plaintiff's § 1983 action is time-barred. *See Whittle v. Wiseman*, 683 F.2d 1128, 1129 (8th Cir. 1982). Because a plaintiff in a state action that is governed by the three-year time limitation in Ark. Code Ann. § 16-56-105(3) may claim the benefits provided by the saving statute, *see Carton v. Missouri Pacific Railroad Co.*, 295 Ark. 126, 128-29, 747 S.W.2d 93, 94 (1988), a plaintiff in a § 1983 action, which is governed by the same statute of limitations, also may do so. *See Whittle*, 683 F.2d at 1129.

Here Mr. Miller's original action was commenced within the time prescribed, and "a dismissal of a complaint on defendant's motion" without prejudice, as occurred here, "is the same as a nonsuit," *Carton*, 295 Ark. at 128, 747 S.W.2d at 94. Therefore Mr. Miller had an additional year from the date that his action was dismissed to commence a new action. Because he filed his motion to reinstate, which we have construed as a new action, less than three months after the dismissal was entered, we hold that his new action is not time-barred.

## II.

On appeal, Mr. Miller argues for the first time that the PLRA's exhaustion requirement does not apply to him because since leaving the ADC he has not been a "prisoner" as that term is used in 42 U.S.C. § 1997e(a). We agree with the defendants that this argument comes too late. Although Mr. Miller left the ADC for federal prison before he filed the original action, he neither contested the defendants' motion to dismiss nor appealed the district court's dismissal for failure to exhaust administrative remedies. Even if we construed Mr. Miller's motion to reinstate as a post-judgment motion under Fed. R. Civ. P. 60(b), moreover, the motion could not substitute for a timely appeal. *See Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

Although the dismissal was without prejudice, "an *issue* actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties," *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis in original). Here the court decided in the first action that Mr. Miller was bound by § 1997e(a); we believe that he is now precluded from arguing to the contrary.

We also conclude, however, that Mr. Miller alleged facts in his motion that may establish compliance with the statutory exhaustion requirement. The statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted," *see* § 1997e(a). This provision does not require exhaustion of *all* remedies; it requires the exhaustion of "such administrative remedies as are available." Although the PLRA does not provide a definition, the plain meaning of the term "available" is "capable of use for the accomplishment of a purpose: immediately utilizable ... accessible," *see Webster's Third New International Dictionary* 150 (1986).

We believe that a remedy that prison officials prevent a prisoner from "utiliz[ing]" is not an "available" remedy under § 1997e(a), and that Mr. Miller's allegations raise an inference that he was prevented from utilizing the prison's administrative remedies. *See Johnson v. Garraghty*, 57 F. Supp. 2d 321, 329 (E.D. Va. 1999) (dispute as to whether prisoner plaintiff was prevented from exhausting remedies required evidentiary hearing to determine whether remedies were "available"); *cf. Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (*per curiam*), *cert. denied*, 526 U.S. 1133 (1999) (citing with approval pre-PLRA decision commenting that administrative remedy was inadequate where prison officials ignored or interfered with the prisoner's attempts to exhaust remedies).

While we do not resolve at this time the question of whether Mr. Miller, in fact, complied with § 1997e(a), we conclude that the allegations in his motion to reinstate

were sufficient to raise an inference that he had exhausted his "available" remedies. We therefore believe that this matter should be remanded to the district court to open a separate civil action *nunc pro tunc* as of the date that Mr. Miller's "Motion to Reinstate Cause" was filed.

### III.

Accordingly, we vacate the district court's order denying Mr. Miller's motion to reinstate, we remand this matter to the district court, and we direct the district court to open a separate civil action *nunc pro tunc* as of October 25, 1999 (the date that Mr. Miller's "Motion to Reinstate Cause" was filed); to treat Mr. Miller's "Motion to Reinstate Cause" as the initial complaint in the new action; to treat the original service of the motion to reinstate upon the defendants' attorney in 1999 as service of the complaint in the new action; and for further proceedings consistent with this opinion. We also suggest that because of the decisions that we have made in this opinion regarding pleadings and procedure, the district court may wish to order Mr. Miller to file an amended complaint in the new action.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.