**Robert ZORN, Plaintiff–Appellant,**

v.

**PREMIERE HOMES, INC., David Stewart, President, Premiere Homes, Inc., Defendants–Appellees.**

**No. 04–0883–CV.**

United States Court of Appeals, Second Circuit.

Sept. 27, 2004.

Robert Zorn, Middletown Springs, VT, for Appellant, pro se.

David Putter, Montpelier, VT, for Appellees.

Present: FEINBERG, MESKILL, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the District of Vermont (Murtha, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Robert Zorn, *pro se,* appeals from the judgment of the United States District Court for the District of Vermont (Murtha, J.) dismissing Zorn's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Zorn alleged in his complaint that Premiere Homes, Inc., and David Stewart, the president of Premiere Homes (collectively, "Premiere Homes"), had violated Zorn's Ninth and Fourteenth Amendment rights by refusing to pay Zorn for work he had performed, thereby breaching a construction subcontract.

We review *de novo* a district court's dismissal of a claim pursuant to Fed. R.Civ.P. 12(b)(6). *See, e.g., Freedom Holdings, Inc. v. Spitzer,* 357 F.3d 205, 216 (2d Cir.2004). In reviewing such dismissals, we "accept as true the material facts alleged in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Id.*

We conclude that the District Court properly dismissed Zorn's complaint for failure to state a claim. Zorn failed to state a Fourteenth Amendment claim because his factual allegations did not refer to a nexus between the conduct of Premiere Homes and the State of Vermont, *see Tancredi v. Metropolitan Life Ins. Co.,* 378 F.3d 220, 229 (2d Cir.2004), and failed to state a Ninth Amendment claim because that constitutional provision is a rule of construction that does not give rise to individual rights. *See United States v. Bifield,* 702 F.2d 342, 349 (2d Cir.1983). We have carefully considered all of Zorn's arguments and find them to be without merit.

The District Court, having concluded that no grounds supported the exercise of federal jurisdiction, acted well within its discretion in declining to exercise supplemental jurisdiction over Zorn's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York,* 274 F.3d 740, 754 (2d Cir.2001) (and cases cited therein). Furthermore, we presume that the District Court intended its dismissal of Zorn's state law claims to be without prejudice. *Id.* at 755.

For the foregoing reasons, we hereby AFFIRM the judgment of the District Court.